## COMMONWEALTH *vs.* HORACE BARLOW.

On the trial of an indictment for being a common seller of intoxicating liquors, the government relying on direct evidence of sales of such liquors at the defendant's place of business, no exception lies to the exclusion by the presiding judge of testimony, offered by the defendant, that certain persons who frequented the place had heard persons call for intoxicating drinks there, and that these calls were invariably refused.

INDICTMENT for being a common seller of intoxicating liquors. At the trial in the superior court, before *Brigham,* J., certain witnesses testified, for the government, to seeing a large number of sales of ale and whiskey at the defendant's place of business. The defendant himself testified that he sold no liquors there but "nectar and mineral water," and called witnesses, who testified that they had frequented the place, and had seen him sell these

beverages, but no others, and that these resembled ale and whiskey. The defendant then proposed to show, by these witnesses, that, on several occasions, in his place of business, they had heard persons call for intoxicating drinks, and that these calls were invariably refused ; but the judge excluded this testimony as incompetent. The jury returned a verdict of guilty ; and the defendant alleged exceptions.

*A. F. L. Norris*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth, submitted the case without argument.

FOSTER, J. The fact that on certain occasions the defendant did not sell intoxicating liquor to persons who wished to buy it, had no tendency to contradict or control the evidence that at other times he had made sales of such liquor as testified to by the government witnesses. Proof that a man has violated the law in particular instances cannot be rebutted by proof that he did not violate it in other instances when he had the opportunity and was tempted to do so.         *Exceptions overruled.*