Archer *vs.* State.

(Decided 15th June, 1876.)

## Thomas G. Archer *vs.* State of Maryland.
## Same *vs.* Same.

*Indictment for selling Whiskey without License, where the Law was sought to be Evaded by giving a drink of Whiskey to each person who purchased a Cigarette—Admissibility of Evidence.*

A. was indicted for selling one-half pint of whiskey without a license. The traverser kept cigarettes for sale, and invited purchasers of them to drink whiskey with him. Held:

Archer *vs.* State.

1st. That if the price asked for the cigarettes was intended to cover the price of the whiskey, which was afterwards nominally given to the purchaser, the transaction was a *sale of the whiskey*, as well as of the cigarettes.

2nd. That testimony tending to show the real character of the transaction was admissible for the purpose of establishing the offence for which the traverser was indicted.

On the part of the State a witness testified that he went to the traverser's place of business and paid him forty cents and got four cigarettes. He was then asked what those four cigarettes were worth, and replied that he did not know. He was then asked what was his opinion or judgment as to the value of them. On objection to the question, it was HELD:

That it was important to the issue, and admissible to show the actual value of these articles as compared with what the witness paid for them; and as he was evidently a reluctant witness, it was proper, after his previous answer, to press him with the question objected to.

The witness then stated that the cigarettes might be worth a quarter to a half cent each, but he was not a judge of tobacco. He was then asked, whether there was anything in the previous acts or declarations of the traverser which induced him to believe that if he called for cigarettes, or paid him at the rate of ten cents a piece for them, he would get in return anything besides the cigarettes for the same money, and if so, to state what had occurred to induce him so to think. The witness answered in the negative. On objection to the question, it was HELD:

1st. That the question was proper to be put to the witness.

2nd. That even if it were improperly put, the witness having answered in the negative, no harm was done to the traverser.

The witness having detailed the circumstances touching his purchasing the cigarettes and getting the drinks, stated on cross-examination that he had never bought whiskey from the traverser, and had never had any understanding or agreement with him under which he was to get whiskey if he bought cigarettes or anything else. Upon re-examination in chief, he was asked whether from anything which had already occurred between him and the traverser, or in the presence of the latter, he expected to get whiskey for the money he paid, and if so, why he expected it; on objection to the question, it was HELD:

That in view of what the witness had stated on his cross-examination, this question was proper to be asked him.

Archer *vs.* State.

The witness in reply to the question stated that the action of others at the traverser's place of business induced him to think that he could get whiskey if he bought cigarettes as they had done; so he went to the traverser's and bought cigarettes as he had seen them do, and got whiskey also. HELD:

1st. That this evidence was admissible.

2nd. That it was for the jury to determine from all the evidence whether the traverser was guilty of *selling whiskey* to the witness, and the fact that he did not sell it to him was not conclusively established by the mere declaration of the witness that he did not *buy* it.

After further evidence tending to establish the charge against the traverser, the latter offered evidence the purport of which was, that upon other occasions, and with other parties he did not violate the law, and in other instances sold in good faith and at their full value, articles which he had a license to sell. HELD:

That this evidence had no tendency to rebut, control or explain any of the testimony offered on the part of the State, and was clearly inadmissible.

On the trial of another indictment against the same traverser on a similar charge, it was HELD:

That evidence was admissible on the part of the prosecution to show that on other occasions than that charged in the indictment, and about the same time the prosecuting witness and others had bought cigarettes in the traverser's shop for ten cents each, and that on each occasion each one who got a cigarette got also a drink of whiskey by invitation from the traverser.

APPEALS from the Circuit Court for Harford County.

The cases are stated in the opinion, of the Court.

The causes were submitted on printed briefs, to BARTOL, C. J., STEWART, BRENT, GRASON, MILLER, ALVEY and ROBINSON, J.

*William Young* and *Herman Stump, Jr.,* for the appellant.

*J. T. C. Hopkins* and *Attorney General Gwinn,* for the appellee.

MILLER, J., delivered the opinion of the Court.

The appellant was indicted for selling on the 10th of May, 1875, one-half pint of whiskey to Samuel M. Whiteford, with a view to profit, in the prosecution of a regular trade and business, without having obtained a license so to do. At the trial four exceptions were taken to the rulings of the Court, upon the admission of testimony.

Before noticing these rulings in detail, it is proper to observe that it appears from the testimony in the case that the traverser, who had no license to sell spirituous liquors in less quantities than a pint, kept cigarettes for sale and invited the purchasers of them to drink whiskey with him. There can be no question, that if the price asked for the cigarettes was intended to cover the price of the whiskey, which was afterwards nominally given to the purchasers, the transaction was a *sale of the whiskey*, as well as of the cigarettes. Such an attempt to evade the law is a very shallow one, and testimony tending to show that this was the real character of the transaction was admissible to establish the offence for which the traverser was indicted. We shall now consider the several exceptions in their order.

*First Exception.*—On the part of the State the witness Whiteford testified, that he went to the traverser's place of business on the 10th of May, 1875, and paid him forty cents and got four cigarettes. He was then asked what these cigarettes were worth to which he replied he *did not know.* The State then asked him what was his opinion or judgment as to the value of them, and to the asking of this question the traverser objected. We see no error in the ruling allowing it to be put. It was important to the issue and admissible to show the actual value of these articles as compared with what he paid for them, and as he was evidently a reluctant witness it was proper after his previous answer, to press him with the question as to what was his judgment of their value. It was not neces-

sary to inquire first whether he was an expert as to the value of such an article.

*Second Exception.*—The witness then stated that these cigarettes were a parcel of tobacco wrapped in paper, and might be worth a quarter to a half cent each, but he was not a judge of tobacco. The State then put to him the question, whether there was anything in the previous acts or declarations of the traverser, which induced him to believe, that if he called for cigarettes or paid him at the rate of ten cents a piece for them, that he would get in return anything besides the cigarettes for the same money, and if so to state what had occurred to induce him so to think. The traverser objected to the asking of this question. We think the Court was right in allowing it to be put. An affirmative answer accompanied with a statement of such previous acts and declarations of the accused, would clearly have been admissible and competent evidence. But if we are wrong in this, it appears by the subsequent exception the witness answered the question in the negative, and hence no harm was done to the traverser by the ruling excepted to.

*Third Exception.*—The witness having answered the previous question in the negative, was then (as he should have been at first) required to state all that occurred when he went to this place on the day in question, and he replied, that he and four others went there, that he called for four cigarettes and paid forty cents for them; we were afterwards invited into another room and took a drink and came out; there was a shelf or counter to the left of the door; we walked in and took whiskey; there were glasses and a bottle there; saw but one either time; was some talk in there; went in first time with Barton, last time with Johns; cigarettes were handed round; got one and took a drink. In reply to questions by the traverser's counsel on cross-examination, he said, he never *bought* whiskey from the traverser, and never had any contract,

understanding, or agreement with him, under or by which he was to give him whiskey if he bought cigarettes or anything else. Upon re-examination the State asked him whether from anything which had already occurred between him and the traverser or in the presence of the latter, he expected, when he went back with his four friends as previously stated, to get whiskey for the money he paid, and if so, how, and why he expected it. To the asking of this question the traverser objected. In view of what the witness had stated on his cross-examination, we are of opinion there was no error in allowing this question to be asked him. His reply to it contained in the next exception explains his testimony on cross-examination, and must have tended strongly to convince the jury, that the transaction in question, was in fact, a sale of the whiskey, and so intended to be by the traverser. He said in reply to this question that the action of others at the traverser's place of business, induced him to think that he could get whiskey if he bought cigarettes as they had done, so he went to the traverser's, bought cigarettes as he saw them do and got whiskey also. There can we think be no doubt of the admissibility of this evidence. It was for the jury to decide, upon all the testimony before them whether the traverser was guilty of *selling whiskey* to this witness, and the fact that he did not sell it to him was not conclusively established by the mere declaration of the witness that he did not *buy* it.

*Fourth Exception.*—The State then proved by other witnesses, that on many and repeated occasions in this month of May, they went to this place with their friends, and called for cigarettes for which ten cents a piece were paid, and that then they were invited into a back room by the traverser to take a drink of whiskey, and there were as many drinks as cigarettes so obtained; that in this back room he had a bench or counter with a shelf under it, and bottles and glasses, and that these arrangements had been

Archer *vs.* State.

made and fitted up about the last of April or the first of May; that during this month of May, the traverser sent empty demijohns sometimes two and sometimes three a week, down to Baltimore to a grocer and liquor dealer and had full ones brought back sealed up. The State also proved declarations of the traverser made about the time of this alleged sale of whiskey to Whiteford, to the effect that he had once before seen a little shebang in a place where all the taverns were closed, and that he would have to be watchful and *know who to sell to,* and that once when handing the bottle out to a friend in this back room, he said he intended to do this to spite the tavern-keepers, because they bought the tobacco and cigars which they sold from pedlars instead of from him, and that he could not do this if there was such a law as there was in Worcester County, prohibiting the giving, bartering and selling of liquor.

The defence then offered to prove that during the month of May, before the finding of this indictment, witnesses had bought various articles in which traverser dealt, such as tobacco, cigars, snuff, pipes, &c. for which they paid full value and got full value in return, and that upon these occasions they were invited by the traverser to take · a drink with him; that others when settling bills were so invited, and that this custom of his with the witnesses of inviting them to drink, sometimes when making purchases and sometimes when not, had extended over a period of seven or eight years, and during the months of April and May of the present year; that a doctor and apothecary had offered to purchase whiskey from him during the month of May, and that he would not give or sell any to him at any price; that sick persons during this month of May had offered to buy anything in his shop if he would let them have some whiskey and he refused.

In our view of it this offered testimony amounts simply to this, that upon other occasions and with other parties the traverser did not violate the law, and in other in-

stances sold in good faith, and at their full value articles which he had a license to sell. In our judgment such testimony was clearly inadmissible. It seems to us to have no tendency to rebut, control or explain any of the testimony offered on the part of the State. "Proof that a man has violated the law in particular instances, cannot be rebutted by proof, that he did not violate it in other instances when he had the opportunity, and was tempted to do so." *Commonwealth vs. Barlow*, 97 *Mass.*, 597. We therefore find no error in the ruling rejecting this testimony.

*Rulings affirmed.*

(Decided 15th June, 1876.)

The same party was also indicted for selling without license, a half-pint of whiskey to James M. Reynolds, on the 5th of May, 1875. In the trial of this case ten exceptions were taken by the traverser to rulings respecting the admission of testimony.

We have examined these exceptions and find nothing in them that is not covered by our decision in the previous case, save that here exceptions were taken to rulings allowing testimony to be given on the part of the State, that on other occasions than that mentioned in the indictment, and about the same time, the prosecuting witness, and others had bought cigarettes in the traverser's shop for ten cents each, and that on each occasion, each one who got a cigarette, got also a drink of whiskey by invitation from the traverser. In a case of this character we see no objection to the admissibility of such evidence, as it tended to show that the particular transaction for which he was indicted, was in fact, a sale of whiskey, and intended to be so by the traverser. We shall therefore affirm the rulings excepted to by the traverser, and this renders it unnecessary for us to notice the exceptions taken by the State.

*Rulings affirmed.*

(Decided 15th June, 1876.)