STATE OF MAINE *vs.* REUBEN C. HALL.

Kennebec. Opinion October 27, 1887.

*Intoxicating liquors. Nuisance. Indictment. Exceptions. Evidence. Records.*

Where the indictment for maintaining a liquor nuisance describes the building as "a certain building occupied by the said [defendant] as a saloon, situated at the corner of depot square in said Gardiner," it is sufficient.

An order of the court committing a witness, for contempt, for refusing to answer when directed by the court, affords the defendant no ground for exception.

A copy of the record of the collector of internal revenue, sworn to in court by a competent witness, is admissible.

On the trial of an indictment for maintaining a liquor nuisance the record of a previous conviction for a like offence is admissible in evidence only when it appears that the building described in the record is the same as that described in the indictment.

ON exceptions from the superior court.

Indictment charging that the defendant "a certain building occupied by the said Reuben C. Hall, as a saloon, situated at the corner of depot square in said Gardiner, unlawfully did use for the illegal keeping and sale of intoxicating liquors."

At the trial a witness was called by the government, who testified that he was a deputy collector of internal revenue, and he refused to produce certain records, or memoranda called for. His last answer was "I think it is possible that if Mr. Hall has paid the United States tax as a retail liquor dealer his name would appear on the memorandum I keep. I refuse to produce that under instructions of my superior officer. I do not desire an opportunity to refer to my memoranda to refresh my recollection."

The witness was committed for contempt.

The defendant excepted to that order of court "that fact having occurred during trial."

Other points and material facts stated in the opinion.

*L. T. Carleton*, county attorney, for the state.

The indictment is sufficient. 13 Pick. 359; Chitty's Crim.. Law, 294; 48 Maine, 237; 63 Maine, 552; Bish. on Crim. Law,,

Vol. 1, § 810, and cases there cited.　13 Pick. 363 ; 3 Starkie's Evidence, 1527.

As to the admission of the "examined copy" from the internal revenue department.　I cite, 65 Maine, 270 ; 77 Maine, 561.

*H. M. Heath* and *G. W. Heselton*, for defendant, cited : Constitution Art. 1, § 6 ; *Com* v. *Austin*, 97 Mass. 595 ; *State* v. *Plunkett*, 64 Maine, 534 ; *State* v. *Noble*, 15 Maine, 476.

DANFORTH, J.　The motion in arrest of judgment in this case was properly overruled.　The building is sufficiently described in the indictment, and whether in fact it corresponded with that description was a question for the jury.

The controversy with the collector and his deputy with the proceedings against the latter for contempt affords the respondent no ground for exception.

The copy of the collector's record having been taken and sworn to by a competent witness was admissible.　*State* v. *Lynde*, 77 Maine, 561.　The fact that the building is not described in the same language as in the indictment, if material, could only make it necessary to show that it was the same by other testimony.　*Com* v. *Austin*, 97 Mass. 597.　The certificate of the witness attached to the record was not sufficient to authorize its admission and might have been objectionable but for the oral testimony in court ; with that it became immaterial.

The record of the former conviction was admissible for certain purposes.　The situation of the building is more particularly described in the present indictment than in the former ; but the two descriptions are not inconsistent.　It was then permissible to show by other testimony that both referred to the same building.

But we think the instruction to the jury in regard to the use to be made of this evidence was erroneous.　After giving the correct instruction the justice added, "and I say to you further that if you find that he (the defendant) maintained another place in the city of Gardiner, for the illegal keeping, or illegal sale of intoxicating liquors, although it was not located in this precise place, you have a right to consider that in determining with what intent he maintained the premises in the condition in

which the officer described them in this case." The jury must have understood that if they found that the building referred to in the record was not the same as that in the indictment, still they might consider the record of the former conviction as having some tendency to show the intent of the defendant in maintaining the building described in the indictment. This was evidently giving the record much too broad an application. It is very much like admitting the proof of one crime to sustain the charge of another. This would be in violation of a rule to which though there may be an apparent, there is no real exception. It is not unlike proving a defendant's bad character before he has opened the door by offering evidence to prove his good.

There was no prior conviction alleged in the indictment, so there was no occasion to offer the record to prove such an allegation. It could only be competent so far as it tended to prove any fact material to the issue in the case at bar; and for that purpose it derives no efficacy from the fact that it was the record of a conviction except it may be more reliable testimony. It is conclusive between the parties like the judgment in a civil suit, as to the facts in issue; and this is true whether the judgment is founded upon a plea of guilty, or is the result of a trial and verdict. *State* v. *Lang*, 63 Maine, 220. Hence no facts can properly be proved by such a record except such as from their relevancy to the issues involved in the case on trial, might well be proved by any other competent testimony.

The indictment in this case is for maintaining a certain building and using it for the illegal keeping and illegal sale of intoxicating liquors, whereby it became a nuisance. The facts in issue and which the defendant was called upon to answer, were the keeping and use of that particular building. It was competent for the government as tending to sustain this charge, to show a similar maintaining and illegal use of this building prior to the time alleged in the indictment. *Com.* v. *Kelley*, 116 Mass. 341; *Com.* v. *McPike*, 3 Cush. 184; *State* v. *Plunkett*, 64 Maine, 534. If the building described in the record were the same as that in issue in the case at bar, the facts then involved would under these authorities, be pertinent to the present case. But if

the building were not the same, it is evident that the facts then settled would not be competent and the record should have been so restricted in the instructions. The application and limitation of this kind of testimony is fully illustrated in *Com.* v. *Tuckerman*, 10 Gray, 197, and in a note to *The King* v. *Wylie*, 2 Heard's Crim. Cases, 32.

For this error only must the exceptions be sustained.

*Exceptions sustained.*

PETERS, C. J., WALTON, VIRGIN, EMERY and FOSTER, JJ., concurred.