## MAYSON v. STATE

[No. 248, September Term, 1964.]

*Decided April 5, 1965.*

The cause was argued before PRESCOTT, C. J., and HORNEY, SYBERT, OPPENHEIMER and BARNES, JJ.

*William B. Evans* and *Donaldson C. Cole, Jr.,* for the appellant.

*Franklin Goldstein, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Walter M. Baker, State's Attorney for Cecil County,* and *Harry J. Goodrick, Assistant State's Attorney,* on the brief, for the appellee.

PRESCOTT, C. J., delivered the opinion of the Court.

Having been convicted by a jury in the Circuit Court for

Cecil County of the crime of manslaughter and sentenced by the court, James Mayson has appealed. He was charged and convicted of having brutally assaulted and beaten his wife over a period lasting several days which caused her death. No question is raised ·as to the sufficiency of the evidence to sustain the conviction; hence it will be unnecessary to set forth the testimony in detail.

His only assignments of error are: (1) that the witness Betty Lounsbury should not have been permitted to testify to certain statements made by the deceased in the presence of the appellant and not denied by him, because said statements were offered as "silent or implied" admissions and the State's Attorney had not furnished counsel for the accused with a summary of such statements 'in accordance with an order of court, issued pursuant to Maryland Rule 728; (2) that the witness Ella Pressley should not have been allowed to testify to certain criminating statements made by the accused, since he was not given a synopsis of such statements in accordance with the order of court mentioned above; and (3) that the witness Lester Pressley should not have been permitted to testify since he was not "properly a rebuttal witness," and the court had ordered sequestration of the witnesses and this witness, who was the husband of Ella Pressley and the father of Betty Lounsbury, had been in "constant contact" with them during the trial, which lasted several days.

### (1) and (2)

These contentions may be conveniently considered together. Although appellant stated the questions in his brief as we have above, in his argument therein he enlarges upon (2) so as to include objections to the testimony of Ella Pressley with reference to statements made by the deceased in the presence of the appellant and not denied by him.

Shortly after appellant's indictment, his counsel, pursuant to Maryland Rule 728, filed a motion "for discovery and inspection." Among quite a number of requests was one for a "copy of any statements or confessions made by the defendant or an *oral synopsis* [emphasis ours] of any statements made by him which the State intends to use as evidence in the cause." The court ordered the State's Attorney to make immediately avail-

able to the defendant or his attorneys the "information sought in the aforegoing motion." In response to this order, the State's Attorney wrote appellant's counsel, notifying them of the witnesses he intended to call at the trial and that they could inspect his file at any time they desired during business hours from Monday through Friday. Counsel did inspect the State's Attorney's file; and at the trial (which occurred about a year after the filing of the motion for discovery, having been postponed at appellant's request) he stated that he had given said counsel "an oral synopsis" as to what the witnesses would testify. Counsel for the defense could not remember with certainty whether or not the oral synopsis had been furnished to them, but now argue that the States' Attorney's actions were not a compliance with the court's order (apparently claiming that the State's Attorney was required thereby to give them a written synopsis of the witnesses' testimony), hence the testimony should not have been admitted.

The witness Lounsbury, who was the niece of the deceased, testified to certain bruises on the deceased's body, which the deceased stated had been inflicted by the accused. These statements were made in the presence of the accused and not denied by him. The witness Ella Pressley, who was a sister of the deceased, gave testimony to the same effect, and also testified to certain statements made by the accused. No attack is made upon the admissibility of the evidence other than the alleged failure to comply with the order of court passed pursuant to Rule 728.

The trial court was correct, we think, in ruling that the court's order had been complied with. It may have been disappointing to counsel for the appellant when they realized they had requested "an oral synopsis of any statements" made by the defendant, but this was language of their own selection and they obtained what they asked for. In addition, their failure to request a *written* synopsis did not harm their client's cause one iota. The main objectives of Rule 728 are to assist the defendant in preparing his defense, and to protect him from surprise. *Cropper v. State,* 233 Md. 384. A reading of that portion of the opening statement made by defense counsel included in appellee's appendix makes it clear to us that defense counsel knew,

before trial, what the testimony of the two witnesses named above was to be. For example, counsel stated, "they [the State and/or the witnesses] are going to ask you to believe that James [the appellant] said he was going to kill her [the deceased], this, that, and the other thing, a lie from beginning to end." He also stated that "they are lying through their teeth," "remember this Pressley woman and Eva Mayson [the deceased] are thieves," and "before this case is over you are going to find them [the State's witnesses] the biggest pack of liars * * * that you have ever seen in this courtroom before, and maybe since." In many jurisdictions, certain of the quoted remarks would be considered unusual and extraordinary ones to be made in an "opening statement." In any event, it is obvious that the appellant's case was not prejudiced by the failure to request, or to receive, a "written synopsis" rather than an "oral" one.

### (3)

Both thrusts of the above contention may be answerd at the same time. Appellant objected to the witness Lester Pressley giving testimony on the grounds that he was not a proper rebuttal witness and that he had been in constant contact with his wife and daughter, who had testified in chief for the State. There is no evidence to sustain this latter supposition, but due to the relationship of the parties, we shall assume that Pressley had been in contact with them.

The question under consideration arises in a somewhat unusual manner. When Pressley was called to the stand, counsel for the defense objected to his being called as a rebuttal witness. The court overruled the objection, but instructed counsel to object to any question asked on an individual basis. Quite a number of objections were noted. However, in his brief, appellant does not set forth any specific objections to questions that should have been sustained, but relies upon a motion to strike "all of this witness' testimony."

Ordinarily, an orderly conducted criminal trial anticipates the State adducing all of its evidence in chief and resting its case. The defense follows by producing its evidence tending to establish the accused's non-culpability, which includes the contradiction or rebuttal of the evidence offered by the State. Then

the State is afforded an opportunity to produce its rebuttal evidence. This latter includes any competent evidence which explains, or is a direct reply to, or a contradiction of, any new matter that has been brought into the case by the defense. *Lane v. State,* 226 Md. 81, 90. However, experience has shown that justice does not require the following of the above course as an inflexible and undeviable procedure. This Court has held that what constitutes rebuttal testimony in a criminal prosecution is a matter resting in the sound discretion of the trial court, *Lane v. State, supra,* and the appellate court should not reverse for error on this point, in the absence of a showing that the ruling of the trial court was both manifestly wrong and substantially injurious. *Kaefer v. State,* 143 Md. 151, 160. We have also held that it is within the sound discretion of the trial court to allow evidence in rebuttal that should have been offered in chief. *Lane v. State, supra.*

This does not mean that the court should not be alert in preventing the State from deliberately withholding a part of its testimony (such as that which is merely cumulative to, or corroborative of, that already offered in chief) in order to have testimony favorable to its case repeated at the end of the trial for the effect that it may have upon the trier of facts. *State v. Driver,* 183 A. 2d 655, 673. Cf. 2 Poe, *Pleading & Practice,* § 287; *Archer v. State,* 45 Md. 33.

When the above principles of law and the one that follows immediately are applied to the situation confronting us, it is seen that appellant's contention is not sustainable for several reasons. We have held that when a broad and general motion to strike certain testimony is made and, at least, a portion thereof is admissible, the motion should not be granted, for the Court should not be required to go through the record to pick out piecemeal testimony which might be objectionable. *State Roads Comm. v. Bare,* 220 Md. 91, 94. There can be little doubt that a portion of Pressley's testimony should have been offered in chief. However, after reading his testimony, we think at least a part thereof may properly be considered as rebuttal testimony; consequently, the motion was properly overruled.

Also, making a proper allowance for the sound discretion of the trial court, our examination of Pressley's testimony fails to

disclose any ruling of the trial court that was "substantially injurious" to appellant's defense.

Finally, in regard to the contention relative to the sequestration of the witnesses, we have held that it is a matter resting in the sound discretion of the trial judge whether or not to admit the testimony of a witness, even where there has been a violation of the exclusion order. *Frazier v. Waterman Steamship Corp.,* 206 Md. 434, 444; *Swift v. State,* 224 Md. 300, 306. In the case at bar, Pressley has been summoned by the defense, but was not called to the stand by the appellant. There was no showing that the court ordered him to stay away from his wife and daughter during the trial. And there is no showing, or any attempt to show, that he did anything wrong, or that he deliberately violated the court's order. Considering these facts and what we have said above, we find no abuse of discretion by the trial judges in permitting him to testify.

*Judgment and sentence affirmed.*