## BRAFMAN v. STATE OF MARYLAND

[No. 34, September Term, 1975.]

*Decided January 13, 1976.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*Benjamin Lipsitz*, with whom was *Eleanor Jean Lipsitz* on the brief, for appellant.

*Alexander L. Cummings, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Clarence W. Sharp, Assistant Attorney General,* on the brief, for appellee.

DIGGES, J., delivered the opinion of the Court.

Error was, as the State concedes, committed by the Circuit Court for Baltimore County when, over a timely objection, it allowed hearsay testimony to be received into evidence at the trial of Mark Jay Brafman, the petitioner. In that trial Brafman was convicted by a jury of rape and six associated offenses and sentenced to imprisonment for a total of 23 years. The Court of Special Appeals, while recognizing that error was perpetrated, determined, in an unreported opinion, that under the circumstances here presented it was harmless and affirmed the circuit court's judgment. *Brafman v. State* (No. 269, decided December 31, 1974). We are unable to agree that the error was harmless and will therefore reverse and remand the case for a new trial.

During the course of the petitioner's trial Captain Raymond Donovan of the Baltimore County police department, in pertinent part, testified as follows:

"Q. [Mr. LaVerghetta (Asst. State's Atty.)]: Did there come a time, after Mr. and Mrs. [Leonard J.] Brafman had seen their [16-year-old son, the petitioner], that they had conversation with you?

A. Yes, there was.

Q. Where did this conversation take place?

A. In my office in the Baltimore County Police headquarters.

Q. Did there come a time, in your presence, when Mr. Brafman broke down and —

Mr. Lipsitz [(defense counsel)]: Just a moment. I object, your Honor.

* * *

The Court: . . . Continue with your questioning.

* * *

Q. At any time did Mr. Brafman make any comments to you concerning his son, Mark Jay Brafman?

Mr. Lipsitz: I object.

The Court: Overruled.

The witness: Yes, he did.

Q. What if anything did he say to you?

Mr. Lipsitz: I object, your Honor.

The Court: Yes, overruled.

Q. You may answer.

A. *I was explaining the nature of the charges against his son, Mark Jay Brafman, and during that time Mr. Brafman or the elder Brafman, became very emotional and began to cry and stated, I knew it, I knew it.* [(Emphasis added.)]

Mr. Lipsitz: I will have to, your Honor, move for a mistrial with all due respect to . . . the Court and counsel.

The Court: The motion for mistrial is denied . . . ." [1]

Being hornbook law, it requires no citation of authority to hold that the admission of this hearsay evidence, over petitioner's objection, was error. However, since "[w]rong directions which do not put the traveler out of his way, furnish no reasons for repeating the journey," [2] we must determine whether, in the milieu of this case, the error was harmless.

We will consider the mistake made in this case, the receiving of hearsay testimony into evidence over timely

---

1. The trial judge, erroneously thinking that there had been prior evidence concerning this incident, permitted this interrogation as rebuttal testimony.

2. Cherry v. Davis, 59 Ga. 454, 456 (1877) (Bleckley, J.).

objection, on the plane of evidentiary error although it might possibly be said to be of constitutional dimension, as involving a denial of the right to confrontation guaranteed both by the sixth amendment of the United States Constitution and by Article 21 of the Maryland Declaration of Rights. This is of no real moment, however, since this Court, in an opinion authored by Judge O'Donnell, recently held in *Dorsey v. State,* 276 Md. 638, 350 A. 2d 665 (1976), that the test for harmless error to be applied to state constitutional and nonconstitutional mistakes in criminal cases is the same as that mandated by the Supreme Court of the United States in *Chapman v. California,* 386 U. S. 18, 87 S. Ct. 824, 17 L.Ed.2d 705 (1967), for federal constitutional errors in criminal cases. *See Brown v. United States,* 411 U. S. 223, 230-32, 93 S. Ct. 1565, 1570-71, 36 L.Ed.2d 208 (1973); *Milton v. Wainwright,* 407 U. S. 371, 372-78, 92 S. Ct. 2174, 2175-78, 33 L.Ed.2d 1 (1972); *Schneble v. Florida,* 405 U. S. 427, 430-32, 92 S. Ct. 1056, 1059-60, 31 L.Ed.2d 340 (1972); *Harrington v. California,* 395 U. S. 250, 89 S. Ct. 1726, 23 L.Ed.2d 284 (1969); *Bumper v. North Carolina,* 391 U. S. 543, 550, 88 S. Ct. 1788, 1792, 20 L.Ed.2d 797 (1968); *Fahy v. Connecticut,* 375 U. S. 85, 86-87, 84 S. Ct. 229, 230, 11 L.Ed.2d 171 (1963); *Ross v. State,* 276 Md. 664, 673-74, 350 A. 2d 680, 686-87 (1976) (applying *Dorsey* to evidentiary error); *Younie v. State,* 272 Md. 233, 245-49, 322 A. 2d 211 (1974) (applying *Chapman* to constitutional error). In *Chapman,* it is important to note, the Supreme Court stated that under certain circumstances even some constitutional errors could be deemed harmless.[3] 386 U. S. at 22, 87 S. Ct. at 827. As Mr. Justice Minton remarked in *Lutwak v. United States,* 344 U. S. 604, 619, 73 S. Ct. 481, 490, 97 L.

---

3. On the other hand, the Supreme Court in *Chapman* pointed out that "our prior cases have indicated that there are some constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error," *citing* Gideon v. Wainwright, 372 U. S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799 (1963) (right to counsel); Payne v. Arkansas, 356 U. S. 560, 78 S. Ct. 844, 2 L.Ed.2d 975 (1958) (coerced confession); Tumey v. Ohio, 273 U. S. 510, 47 S. Ct. 437, 71 L. Ed. 749 (1927) (impartial judge). Chapman v. California, 386 U. S. 18, 23 & n. 8, 87 S. Ct. 824, 827-28 & 828 n. 8, 17 L.Ed.2d 705 (1967). The mistake we consider here does not fall within this category.

Ed. 593 (1953), "[a] defendant is entitled to a fair trial but not a perfect one." *See Dorsey v. State, supra,* 276 Md. at 647, 350 A. 2d at 671. However, the *Chapman* Court said, when a constitutional mistake is committed the burden is on the State "to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." 386 U. S. at 24, 87 S. Ct. at 828; *see Dorsey v. State, supra,* 276 Md. at 653, 350 A. 2d at 676. The question, as originally stated in *Fahy v. Connecticut, supra,* 375 U. S. at 86-87, 84 S. Ct. at 230, and adopted in *Chapman, supra,* 386 U. S. at 23, 87 S. Ct. at 827, is "whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." *See Schneble v. Florida, supra,* 405 U. S. at 432, 92 S. Ct. at 1060; *Dorsey v. State, supra,* 276 Md. at 648, 350 A. 2d at 676, *Younie v. State, supra,* 272 Md. at 246-47, 322 A. 2d at 218. Furthermore, an appellate court's "judgment must be based on [its] own reading of the [entire] record and on what seems to [it] to have been the probable impact of the [error] on the minds of an average jury." *Harrington v. California, supra,* 395 U. S. at 254, 89 S. Ct. at 1728; *see Dorsey v. State, supra,* 276 Md. at 659, 350 A. 2d at 678.

Turning then to this case, since it is clear from our review of the record that without this tainted testimony there was sufficient evidence to support the conviction, the question becomes whether the jury was in any way influenced, to the detriment of the petitioner, by the improperly admitted statement. *See Younie v. State, supra,* 272 Md. at 248, 322 A. 2d at 219. We conclude that an average jury could reasonably construe the petitioner's father's outcry, "I knew it, I knew it," made while he was being informed as to the charges against his son, to mean that Mark's father thought his own son guilty, rendering it much less difficult for the jury to follow suit. Such a possibility is particularly acute when, as here, there is little doubt that a rape took place; the only contested issue being who was the real culprit. *See Dorsey v. State, supra,* 276 Md. at 659-61, 350 A. 2d at 678-79 (involving a misidentification). Consequently, we are unable to say beyond a reasonable doubt that "the jury was in no way influenced by the bad [evidence]," *Younie*

*v. State, supra,* 272 Md. at 248, 322 A. 2d at 219, or, as it can be alternatively stated, that there was no "reasonable possibility that the evidence complained of might have contributed to the conviction," *Chapman v. California, supra,* 386 U. S. at 23, 87 S. Ct. at 827, *quoting Fahy v. Connecticut, supra,* 375 U. S. at 86-87, 84 S. Ct. at 230. In short, we do not consider this error to have been harmless.

> *Judgment of the Court of Special Appeals reversed; case remanded to that court with instructions to reverse the judgment and remand the case to the Circuit Court for Baltimore County for a new trial.*
>
> *Costs to be paid by Baltimore County.*