# STATE OF MARYLAND *v.* RICHARD E. HEPPLE AND JAMES EDWARD JONES

[No. 70, September Term, 1976.]

*Decided February 1, 1977.*

266

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE and ELDRIDGE, JJ.

*Arrie W. Davis, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Clarence W.*

*Sharp, Assistant Attorney General,* on the brief, for appellant.

*Michael E. Kaminkow,* with whom was *Richard T. Rombro* on the brief, for appellee Richard E. Hepple. *Geraldine Kenney Sweeney, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellee James Edward Jones.

DIGGES, J., delivered the opinion of the Court.

These two criminal causes, consolidated both in the Court of Special Appeals and in this Court, involve the common issue whether certain testimonial evidence presented by the State after it had rested and after the defense had fully presented its case was properly admitted, either as appropriate rebuttal evidence or in the exercise of the trial court's discretion to allow evidence at the rebuttal stage which should have been adduced during the prosecution's case in chief. Because we conclude that the testimony in question in both cases was not rebuttal evidence, and because we find no indication in the record of either case that the trial court was in fact exercising the discretion it undoubtedly possessed to admit non-rebuttal evidence at the rebuttal stage of a trial, we will affirm the judgments of the Court of Special Appeals which reversed the convictions and remanded the cases for new trials.

Both of these causes originated in the Criminal Court of Baltimore in the spring of 1975. Respondent Richard E. Hepple was tried before Judge Harry A. Cole and a jury on May 12 and 13, on charges of receiving stolen goods; in an unrelated prosecution, respondent James Edward (Jimmy) Jones was tried on April 21 to 24, before Judge Robert L. Karwacki and a jury, on an assault charge, as well as a number of charges relating to prostitution. Hepple was found guilty, as was Jones on two of the charges against him, and both were sentenced to a term of imprisonment. A nine-judge panel of the Court of Special Appeals reversed the convictions, with Judge Menchine dissenting as to the

Jones decision. *Hepple v. State,* 31 Md. App. 525, 358 A. 2d 283 (1976). That court held in each case that certain testimony was inadmissible as rebuttal evidence, *id.* at 542, 554 [294, 300], and that even if it could have been admitted had it been offered as a belated part of the State's case in chief, reversal was required in each since the trial court's discretion to reopen the State's case was "never invoked, much less exercised." *Id.* at 535-36 [291]. We granted the State's petition for certiorari to review these two decisions.

The record discloses that at the trial of Hepple the prosecution initially presented testimony from the owner of a camper cap, the stolen goods the defendant was charged with receiving, that both his pickup truck and camper cap had been stolen, and that at the time the cap was recovered it was attached to a truck owned by Louis Romm.[1] Romm testified that as a result of a phone call from William Woolford, he awaited, and thereafter received, a call from Hepple regarding the possible purchase of a camper, and that he subsequently bought it from him. The defense then presented its only witness, William Woolford, who testified that he knew both Hepple and Romm, that he had had no business discussions with Romm concerning Hepple, that he had not talked to Romm and Hepple until after Romm had been arrested, that he could not remember if he had ever given Romm Hepple's telephone number, and that he had never asked Hepple to call Romm. On cross-examination, Woolford testified that he had not indicated to Hepple that Romm was interested in a camper, and on redirect, that he had never seen Hepple in possession of a camper cap. After the defense closed its case, the State called Daniel Washenfeldt, expressly stating that he was being presented as a rebuttal witness. Washenfeldt testified, over the objection of defense counsel that the testimony was not proper rebuttal, that he had stolen campers, among other things, for Hepple a number of times, though this camper had been the first.

---

1. A more thorough exposition of the proceedings at the Hepple trial may be found in the opinion of the Court of Special Appeals, Hepple v. State, 31 Md. App. 525, 536-42, 358 A. 2d 283, 291-94 (1976); with respect to the Jones trial, see *id.* at 544-51 [295-99].

In the Jones trial, a similar course of events transpired, with the defense objecting to the introduction of certain testimony at the rebuttal stage. During the prosecution's case in chief, Denise Carrington, a 14-year-old runaway and the State's principal witness, testified that Jones solicited her to engage in prostitution, that he put her up at 1845 West Baltimore Street along with several other girls and sent her out with the other girls to "prostitute," and that, because Jones thought she was double-crossing him, she was stripped, beaten and burned by him. Two of the girls, Wanda Matthews and Evelyn Richardson, corroborated Denise's story with respect to the assault and indicated that they had likewise lived at 1845 West Baltimore; Wanda also testified that she and Evelyn "prostituted" for Jones. The defense presented five witnesses — the defendant, an eyewitness, an alibi witness, and two character witnesses. Jones denied any participation in the assault and denied that he had received any money from the girls for prostitution. The Reverend Stanley Knock, Jr., testified that Jones was employed by him as a "street minister" to work with youth and young adults, including runaways and those with drinking and drug problems, and it was expected that young people being helped by the program would live at the West Baltimore Street house at various times. Jones' testimony as to his employment was in substantial agreement with the Reverend Knock's. After the close of the defense case, the State offered a further witness, Sharon Reynolds, to prove that, like Denise Carrington, she had been picked up and "put on the street" by Jones, lived at 1845 West Baltimore Street and had been brutally beaten. Defense counsel objected, indicating that he was given no warning this witness would testify;[2] he further maintained that the testimony would be inflammatory and would prejudice the rights of Jones. The trial court, however, replied that the State did not have to disclose rebuttal witnesses. Over the objection of the defense, Reynolds was permitted to testify

---

**2.** Prior to trial, counsel had requested and received a list of witnesses the State intended to call during its case in chief. *See* Md. Rule 728 a 3. The name of Sharon Reynolds, however, was not included on that list.

that while a runaway, she had been picked up by Jones, had spent a night at the Baltimore Street address, and had been solicited by Jones to engage in prostitution; however, over the objection of the prosecution, she was not allowed to testify concerning the assault.

To understand why we agree with the Court of Special Appeals that the judgments in both the Hepple and Jones cases must be reversed, we believe it helpful to review briefly the evidentiary principles regarding the admissibility of testimony offered by the State at the rebuttal stage. It should be made clear from the outset that there are two distinct types of evidence which may be adduced at this point in the proceedings: (1) rebuttal evidence, which the State ordinarily has a right to have received, and (2) evidence which should have been adduced during the State's case in chief, but which the trial court, in the exercise of its discretion to vary the order of proof, may allow at the rebuttal stage. Rebuttal evidence "includes any competent evidence which explains, or is a direct reply to, or a contradiction of, any new matter that has been brought into the case by the defense." *Mayson v. State*, 238 Md. 283, 289, 208 A. 2d 599, 602 (1965); *Lane v. State*, 226 Md. 81, 90, 172 A. 2d 400, 404 (1961), *cert. denied*, 368 U. S. 993 (1962). Our cases are clear that the question of what constitutes rebuttal testimony rests within the sound discretion of the trial court, *Mayson v. State, supra* at 289 [602]; *Lane v. State, supra* at 90 [404], and that the court's ruling should be reversed only where shown to be both "manifestly wrong and substantially injurious." *Mayson v. State, supra* at 289 [602]; *Kaefer v. State*, 143 Md. 151, 160, 122 A. 30, 33 (1923); 3 J. Poe, *Pleading and Practice* § 287 (6th ed. H. Sachs 1975). Even if the trial court clearly rules that certain testimony is not rebuttal evidence, the court may nonetheless exercise its discretion to vary the order of proof and admit it as part of the case in chief at the rebuttal stage in order to meet the requirements of a particular case, so long as this action does not impair the ability of the defendant to answer and otherwise receive a fair trial. Such deviations from the

general rule regarding the order of presentation of evidence [3] are likewise in the sound discretion of the trial court. *Rickards v. State*, 129 Md. 184, 191, 98 A. 525, 528 (1916); *Bannon v. Warfield*, 42 Md. 22, 39 (1875); 6 J. Wigmore, *Evidence* § 1867 (J. Chadbourn rev. 1976). This distinction was made clear by Chief Judge Orth (now a judge of this Court) in his opinion for the Court of Special Appeals, 31 Md. App. at 534, 358 A. 2d at 290:

> The two discretions enjoyed by the trial court, the one to permit the moving party to reopen its case to introduce evidence adducible in chief, and the other, to determine whether evidence offered to rebut is truly rebuttal evidence, are separate and distinct. As to both, of course, the evidence must be competent, relevant and material. With respect to reopening the case, the judge must consider whether the State deliberately withheld the evidence proffered in order to have it presented at such time as to obtain an unfair advantage by its impact on the trier of facts. To this end the judge must see whether the proposed evidence is merely cumulative to, or corroborative of, that already offered in chief or whether it is important or essential to a conviction. With respect to rebuttal evidence, the judge must consider whether the evidence explains, or is a direct reply to, or a contradiction of, any new matter that has been brought into the case by the accused. Thus, the considerations involved in the exercise of the two discretions are materially different. The sound exercise of discretion to allow the State to reopen

---

**3.** As this Court recently stated in Mayson v. State, 238 Md. 283, 288-89, 208 A. 2d 599, 602 (1965):

Ordinarily, an orderly conducted criminal trial anticipates the State adducing all of its evidence in chief and resting its case. The defense follows by producing its evidence tending to establish the accused's non-culpability, which includes the contradiction or rebuttal of the evidence offered by the State. Then the State is afforded an opportunity to produce its rebuttal evidence.

its case provides no basis for finding that evidence meets the definition of rebuttal evidence, and *vice versa*. [(Footnotes omitted.)]

With this framework in mind, we turn to the present cases, and conclude that the trial judges erred in admitting the testimony of Washenfeldt and Reynolds as rebuttal evidence. In Hepple's case, the testimony of Washenfeldt that he had stolen the camper for the defendant can by no stretch of the imagination be said to explain, reply to, or contradict the testimony of Woolford, the defense's only witness. In fact, the State during oral argument before this Court, while conceding nothing, indicated that it was hard-pressed to come up with a sound argument in support of its position with respect to the disputed testimony.

In Jones' case, the State contends that the testimony of Sharon Reynolds was proper rebuttal evidence in that, as suggested by Judge Menchine in dissent (31 Md. App. at 559, 358 A. 2d at 303),

> (a) it tended to restore the credibility of the witness Wanda Matthews vis-à-vis the appellant, and
>
> (b) it tended to destroy the validity of appellant's testimony that he had not engaged in pandering or used the premises 1845 W. Baltimore Street in aid of prostitution.

As to the first proposition, we need only say that a "tendency" to restore the credibility of a State witness, where that witness' testimony has merely been contradicted by the defendant's denials rather than substantially impeached, *cf.* 3 J. Poe, *supra*, § 286, cannot justify the admission of additional testimony which is cumulative and which could have been offered in chief. *See Mayson v. State, supra*, 238 Md. at 289, 208 A. 2d at 603. And secondly, even assuming the Reynolds testimony in some sense contradicted the defendant's testimony that he had not engaged in pandering at the Baltimore Street address, concluding that the testimony is proper rebuttal loses sight

of the fact that it was essential that the State, in chief, make a prima facie case against the defendant. The mere denial by a defendant of the State's accusation together with an assertion that he was engaged in different activities than those sought to be proved by the prosecution does not necessarily constitute "new matter" entitling the State to present additional evidence on the same subject it originally sought to prove. We therefore agree with the Court of Special Appeals that the ruling of the trial court in both cases in admitting the testimony as rebuttal evidence was "manifestly wrong." Because we cannot, upon reviewing the record, "declare a belief, beyond a reasonable doubt, that the error in no way influenced the verdict," *Dorsey v. State*, 276 Md. 638, 659, 350 A. 2d 665, 678 (1976); *see Brafman v. State*, 276 Md. 676, 679-80, 349 A. 2d 632, 633-34 (1976), the error was not harmless and reversals are mandated.

We further point out that it is of no consequence that the trial judges might have allowed the testimony pursuant to their discretion to deviate from the conventional order of producing evidence, because we are convinced that in both cases this discretion was not exercised. The fact that the prosecution made no motion to reopen in either case is not dispositive, of course, since the court could have invoked its discretionary power sua sponte; because there is no indication here, however, that either court was exercising its discretion to vary the normal mode of presentation of evidence, we cannot uphold the admission of the disputed testimony, even if we were convinced, looking at the record in retrospect, that the trial court could have properly allowed that testimony pursuant to this discretionary authority. *Cf. People v. Katz*, 207 Cal. App. 2d 739, 24 Cal. Rptr. 644, 649-51 (Dist. Ct. App. 1962); *State v. Director*, 113 Or. 74, 231 P. 191, 196 (1924). This is so because if testimony is admitted at the rebuttal stage, but only pursuant to the trial court's discretion to vary the order of proof, the defense must be afforded the same opportunity to investigate and attempt to impeach or otherwise respond to the State's witness as it would have had had the evidence been offered in chief. *See Bannon v. Warfield, supra*, 42 Md. at 39. Our

decision today in no way restricts the exercise of the trial court's discretion to allow non-rebuttal evidence at the rebuttal stage of a trial — it merely requires that a change in the normal order of presentation of evidence be *in fact* an exercise of the court's discretion. In our prior cases containing language indicating that the trial court has the discretion to allow evidence in rebuttal that should have been offered in chief, or which are cited in support of that proposition, it is clear that the trial court was in fact exercising that discretion, or that the basis for the decision rested on other grounds. *See, e.g., Snowhite v. State, Use of Tennant,* 243 Md. 291, 306, 221 A. 2d 342, 350-51 (1966) (no abuse of discretion, as exercised, in allowing some testimony at rebuttal stage which did not rebut); *Mayson v. State, supra,* 238 Md. at 289-90, 208 A. 2d at 603 (no "substantially injurious" error found and general motion to strike not granted where portion of testimony is admissible as rebuttal); *Lane v. State, supra,* 226 Md. at 90, 172 A. 2d at 404 (witness' testimony in fact contradicted, directly or inferentially, new matter introduced by defendant); *Kaefer v. State, supra,* 143 Md. at 159-60, 122 A. at 33 (no error by trial court in allowing testimony as rebuttal evidence); *Rickards v. State, supra,* 129 Md. at 190-91, 98 A. at 528 (record affirmatively disclosed that trial court fairly exercised discretion to vary order of proof).

Having concluded in each of these cases that the testimony in question was manifestly not rebuttal evidence, and hence that it was not within the trial judge's discretion to admit it as such, and having further concluded that neither court exercised the discretion it had to admit non-rebuttal evidence at the rebuttal stage of trial, we are bound to affirm the reversal of both convictions.

*Judgments of the Court of Special Appeals affirmed.*

*Costs to be paid by the Mayor and City Council of Baltimore.*