705 A.2d 118

Harvey Ricardo HOLMES

v.

STATE of Maryland.

No. 538, Sept. Term, 1997.

Court of Special Appeals of Maryland.

Feb. 2, 1998.

Martha Weisheit, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Mary Ann Ince, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore and Jack B. Johnson, State's Atty. for Prince George's County, Upper Marlboro, on the brief), for appellee.

Before MURPHY, C.J., and SONNER, J., and
THEODORE G. BLOOM, J. (ret., Specially Assigned).

JOSEPH F. MURPHY, Jr., Chief Judge.

In the Circuit Court for Prince George's County, a jury convicted Harvey Ricardo Holmes, appellant, of several violations of the Maryland Controlled Dangerous Substances Act, including possession of cocaine with intent to distribute and possession of heroin with intent to distribute. Appellant concedes that the State's evidence was sufficient to support those convictions. He contends, however, that he is entitled to a new trial and presents the following questions for our review:

I. Did the trial court err in allowing expert testimony without an adequate foundation?

II. Did the trial judge err in refusing to allow defense counsel to adduce testimony in surrebuttal?

III. Was the prosecutor's appeal to community responsibility in closing argument improper?

IV. Was it error to permit the appellant to be asked on cross-examination whether he used drugs?

## BACKGROUND

On October 10, 1996, during a "buy/bust operation" that took place in the area of the Ebony Inn in Fairmont Heights, Prince George's County, Maryland, someone yelled out "Five–O" and many people scattered. Several officers working the case identified appellant as the person who appeared to be "hiding something" underneath a rock or cinder block. That something turned out to be a plastic sandwich bag containing smaller ziplock baggies of suspected cocaine and heroin. A chemical analysis confirmed the presence of those drugs. Detective Anthony Mammano, who was qualified as an expert in the packaging and identification of drugs, testified that it was his opinion that the substances were packaged for distribution and not for personal use.

## I

Appellant's first argument has not been preserved for our review because appellant failed to object to the questions that elicited the evidence about which he now complains. An objection must be made when the question is asked or, if objectionable material comes in unexpectedly in the answer, then at that time by motion to strike. Md. Rule 8–131(a); *see also Bruce v. State,* 328 Md. 594, 627–30, 616 A.2d 392 (1992); *White v. State,* 324 Md. 626, 640, 598 A.2d 187 (1991). Because the trial judge was never asked to exclude or to strike the testimony at issue, we shall not now review the admissibility of that evidence. *Ross v. State,* 276 Md. 664, 672, 350 A.2d 680 (1976).

## II

Appellant next argues that the trial court improperly denied his request to present surrebuttal testimony. During direct examination, appellant testified as follows. He had gone with a friend to the Ebony Inn on the night in question to cash a paycheck. When he went to the Inn, the owner was not there but was expected to return in "10 to 15 minutes." While waiting for the owner to return, he went outside to drink a beer, and was in the parking lot when the police arrived and arrested him. At that time, in appellant's words, "I didn't have nothing on me. I didn't have any money on me. I didn't have no ID on me." After his arrest, the police went through his pockets and "didn't find anything."

The prosecutor did not ask appellant about what happened to the check, but did call a rebuttal witness, Detective Robert Brewer, who testified that he did not recall recovering an uncashed personal paycheck while processing appellant at the police station. Following the State's rebuttal, appellant sought to present surrebuttal, and the following exchange took place:

THE COURT: Do you have a motion?

APPELLANT'S COUNSEL: Before I do, Your Honor, I know it's within the Court's discretion to allow surrebuttal.

THE COURT: Yes.

APPELLANT'S COUNSEL: Now, the only surrebuttal that I would respectfully request to be permitted to present was to the reason why there was no check recovered.

THE COURT: (Shook head negatively.)

APPELLANT'S COUNSEL: The reason—

THE COURT: You could have done that then.

APPELLANT'S COUNSEL: Well, it wasn't an issue at the time, Your Honor.

THE COURT: Sure. It's always an issue. I am not going to permit him to come up here and say now that this detective says he doesn't recall seeing any such check, and I will give you my proffer of what his testimony would be, "That he left it inside the business establishment."

APPELLANT'S COUNSEL: You must have been there.

THE COURT: What is he supposed to say? Okay. I'm not going to permit it.

APPELLANT'S COUNSEL: Very well, your Honor.

THE COURT: If anything, you should have anticipated that. So no surrebuttal. No, sir. No rebuttal.

During his rebuttal to appellant's closing argument, the prosecutor made the following comments about the missing check:

We know no check was recovered. I won't go over that. If he was really there to cash a check, why was there no check? Certainly defense counsel would have brought that out if there was.

 "Surrebuttal is essentially a rebuttal to a rebuttal." *Solko v. State Roads Commission*, 82 Md.App. 137, 149, 570 A.2d 373 (1990). "Accordingly, surrebuttal testimony should be permitted when it explains, directly replies to, or contra-

dicts a new matter brought into the case on rebuttal." *Kulbicki v. State*, 102 Md.App. 376, 386, 649 A.2d 1173 (1994). We are persuaded that appellant was unfairly prejudiced by the trial court's refusal to permit the proffered surrebuttal.[1]

In *Kulbicki, supra,* the murder defendant's stepson was called as a defense witness, and testified to facts that implied that he was guilty of the murder and that his stepfather was not. During the State's rebuttal, two witnesses testified that the stepson had told them that (1) he intended to exonerate the defendant by telling the jurors that he killed the victim, (2) he expected that he would then be charged with the murder, and (3) he would be acquitted when the defendant exonerated

---

1. We note that appellant's trial counsel did not assert a constitutional right to present surrebuttal, stating instead that the trial judge had discretion to admit or exclude such evidence. In holding that appellant is entitled to a new trial, we are not considering an argument that was never presented to the trial judge. It was an abuse of discretion to exclude the evidence at issue on the ground that defense counsel "should have anticipated" rebuttal evidence on the whereabouts of the paycheck.

Because "it is not always easy to draw the line between what is rebutting evidence and what is evidence properly adducible in chief," *Jones v. State*, 132 Md. 142, 149, 103 A. 459 (1918), it is often stated that the admissibility of rebuttal testimony "rests within the sound discretion of the trial court." *State v. Hepple*, 279 Md. 265, 270, 368 A.2d 445 (1977); *Mayson v. State*, 238 Md. 283, 289, 208 A.2d 599 (1965). The trial judge does, for example, have "discretion to vary the order of proof and admit it as part of the case in chief at the rebuttal stage in order to meet the requirements of a particular case, so long as this action does not impair the ability of the defendant to answer and otherwise receive a fair trial." *Kanaras v. State*, 54 Md.App. 568, 594, 460 A.2d 61 (1983). The trial judge has discretion to exclude rebuttal or surrebuttal evidence if persuaded that it was not offered sooner due to "a trial tactic designed to present the last evidence on the subject to the jury." *Fairfax Savings v. Ellerin*, 94 Md.App. 685, 700, 619 A.2d 141 (1993), affd. in part and vacated in part, on other grounds, 337 Md. 216, 652 A.2d 1117 (1993). Md. Rule 5–403 also applies to rebuttal and surrebuttal evidence. No trial judge, however, has discretion to make an erroneous finding of fact. When the question is whether proffered evidence does or does not explain, contradict, and/or reply to new matter introduced by the other side, the trial judge's finding of fact will be affirmed unless it is clearly erroneous. When the question is whether rebuttal (or surrebuttal) evidence was erroneously admitted or excluded for some other reason, the trial judge's ruling will be affirmed unless it was "manifestly wrong."

him. Although neither rebuttal witness repeated any statements allegedly made by the defendant, both did testify that the details of this plan included the defendant's intent to confess to the murder after he was acquitted and his stepson was put on trial. We held that the State's rebuttal testimony created a strong inference that appellant had conspired with his stepson to deceive the court in order to exculpate himself. *Id.* at 386–387, 649 A.2d 1173. Because that inference was injected into the case during the State's rebuttal, it constituted "new matter" that appellant should have been given an opportunity to contradict on surrebuttal. *Id.* at 387, 649 A.2d 1173.

In the case at hand, Detective Brewer's testimony created an inference that appellant had lied about his purpose for being on the scene. As such, he should have been given an opportunity during surrebuttal to explain why that inference was incorrect.

 A ruling that admits or excludes rebuttal evidence will not be the basis for a reversal unless that ruling "was both manifestly wrong and substantially injurious." *Kanaras v. State,* 54 Md.App. 568, 594, 460 A.2d 61 (1983). We hold that the same is true for surrebuttal. In this case, however, we are persuaded that the trial court's refusal to allow surrebuttal was "substantially injurious" to appellant. During their deliberations the jurors sent a note to the judge that contained the following question:

> In the police report, was the type and color of defendant's jacket listed and **was a check listed as part of contents taken from defendant**? (Emphasis supplied)

Appellant is entitled to a new trial.

### III

 Appellant also argues that the trial court erred in overruling his objections to portions of the prosecutor's summation argument. We disapprove of the prosecutor's statement that "This is not about jail time. It's about the day of reckoning, the day of accountability, the day we say no, Mr.

Holmes, no longer will we allow you to spread that poison on the streets."

We recognize that, subject to the trial court's discretion, "both the State's Attorney and defense counsel are given wide latitude in the conduct of closing argument ..." *Trimble v. State*, 300 Md. 387, 405, 478 A.2d 1143 (1984).

> There are no hard-and-fast limitations within which the argument of earnest counsel must be confined—no well-defined bounds beyond which the eloquence of an advocate shall not soar.... He may indulge in oratorical conceit or flourish in illustrations and metaphorical allusions.

*Wilhelm v. State*, 272 Md. 404, 412, 326 A.2d 707 (1974). Nonetheless, there are "depths into which the unfair argument of a too zealous advocate cannot be permitted to sink." *Rheubottom v. State*, 99 Md.App. 335, 342, 637 A.2d 501 (1994). The *"we say no"* comments implore the jurors to consider their own interests and therefore violate the prohibition against the "golden rule" argument. We trust that these comments will not be repeated when this case is tried again.

## IV

During cross-examination the prosecutor asked appellant, "when you were arrested, you were asked whether or not you used drugs. Do you recall your response." Appellant's trial counsel objected and the following transpired at a bench conference:

> PROSECUTOR: I proffer to the Court this is relevant, insofar as—

> THE COURT: It may be relevant, but it's an admission. You are asking whether or not he made an admission to the police after he was arrested, which means while he was in their custody, which means there is a whole lot of things that you have to go through before you can use anything.

> PROSECUTOR: Okay. Do you follow what I am saying? I will establish these are routine booky (sic) questions.

528

THE COURT: That's not a routine booky (sic) question. When the police officer asked him whether or not the person in their custody is a user of controlled dangerous substances, they are asking about a commission of criminal acts, and that's not a routine booky (sic). That's a kind of question or the kind of answer that is an admission of the commission of a criminal act.

PROSECUTOR: Does the Court care what his answer was? That may depend on how the Court views the matter.

THE COURT: I don't care what his answer was. I don't think you can get into that, unless you hold a separate hearing. That's why I am sustaining the objection to it.

PROSECUTOR: Well, I intend to ask him then whether or not he uses drugs.

THE COURT: Well, you can do that.

PROSECUTOR: I think so, too.

APPELLANT'S COUNSEL: Your Honor, I think that deals with the same issue.

THE COURT: No, it doesn't. That earlier issue was statements made to the police officers while in custody. He is here. He voluntarily took the stand. He is subject to cross-examination

APPELLANT'S COUNSEL: I understand that.

THE COURT: And he can admit or deny anything he wishes to.

APPELLANT'S COUNSEL: Your Honor, the problem is that—the issue in this case is whether or not Mr. Holmes was selling drugs out there or not.

THE COURT: Or possessing them.

APPELLANT'S COUNSEL: Or possessing them, or not, not as to whether or not he has used drugs in the past is totally irrelevant. It is immaterial and irrelevant to any issue that needs to be resolved by the trier of fact in this particular case. That question is unnecessary, and it would unnecessarily inflame the jury, possibly.

THE COURT: You don't know what the answer is going to be.

APPELLANT'S COUNSEL: Well, not only that, Your Honor, if his answer would be in the affirmative, he would be possibly exposing himself to prosecution for committing an illegal act. An that's not the purpose of what he is here for today.

THE COURT: I'm going to overrule your objection to— well, I'm going to let him proceed with his cross-examination, because he hasn't asked the question yet. I will tell you what my ruling will be upon your objection. I will overrule it.

The prosecutor then asked appellant, "Sir at the time of this offense, did you use drugs?" The appellant answered "No," and following appellant's objection, which was overruled, the prosecutor responded, "So the only purpose for which you had been out there with those drugs would be to sell them?" Appellant's objection to this question was sustained by the court.

As this issue is likely to arise during the second trial, we shall address appellant's contention that the prosecutor's question about whether he used drugs was an attempt to elicit unrelated criminal conduct, and that his negative response was mischaracterized by the prosecutor "as an admission that appellant was in possession of the contraband for the purpose of selling it."

In *Ayers v. State,* 335 Md. 602, 630, 645 A.2d 22 (1994), the Court of Appeals restated the general rule that "evidence of a defendant's prior criminal acts may not be introduced to prove guilt of the offense for which the defendant is on trial." That is why the "were you using" question is ordinarily prohibited. *Neam v. State,* 14 Md.App. 180, 188–189, 286 A.2d 540 (1972). This question is not improper, however, when the trial court has been advised by both the prosecutor and defense counsel that the defendant's answer will be "no." The *Ayers* Court further explained:

There are, however, well-recognized exceptions to this general rule. Evidence of other crimes may be admitted if it 'is substantially relevant to some contested issue in the case and if it is not offered to prove the defendant's guilt based on propensity to commit crime or his character as a criminal.' Stated differently, evidence of prior bad acts is admissible if it has 'special relevance'.

On many occasions, we have stated that evidence of other crimes is admissible if it tends to establish (1) motive, (2) intent, (3) absence of mistake, (4) a common scheme or plan, or (5) identity.

*Id.* at 631, 645 A.2d 22 (citations omitted).

Appellant was charged with possession of cocaine with intent to distribute, and possession of heroin with intent to distribute. Since the prosecutor's question on cross-examination was expressly limited to "the time of this offense," there was no possibility of the admission of unrelated prior drug activity. Since appellant denied drug usage at the time in question, the fact that he did not use drugs was conditionally relevant evidence of his intent and supported the valid argument that, if he possessed the drugs, his intent was other than possession for personal use.

Appellant's denial of drug use was not used by the prosecutor as an admission that he was in possession of the contraband on the occasion at issue.[2] This case presents an exception to the general rule that prohibits the prosecutor from questioning a defendant about his or her use of drugs. We wish to make it clear that our ruling would be different if the defendant had answered "Yes" to the question at issue. Under the unique circumstances of this case, however, appellant was not unfairly prejudiced by the "use of drugs" question.

**JUDGMENT REVERSED; CASE REMANDED FOR A NEW TRIAL; COSTS TO BE PAID BY PRINCE GEORGE'S COUNTY.**

---

**2.** Moreover, appellant objected to the "only purpose" question at trial and his objection was sustained.