Caleb MOORE, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 248, 1995.

Supreme Court of Delaware.

Submitted: March 5, 1996.
Decided: March 27, 1996.

Gary F. Traynor, Prickett, Jones, Elliott, Kristol & Schnee, Dover, for Appellant.

Kim E. Ayvazian (argued), and John Williams, Deputy Attorney Generals, Department of Justice, Dover, for Appellee.

Before VEASEY, C.J., WALSH, HARTNETT and BERGER, JJ., and CHANDLER, Vice Chancellor.*

PER CURIAM:

In this appeal from the Superior Court, the appellant, Caleb Moore ("Moore"), challenges that court's order of restitution in connection with his sentencing after convictions of burglary in the second degree and conspiracy in the second degree. Specifically, Moore alleges that the trial court exceeded its statutory authority in ordering restitution and denied Moore due process in setting the amount of restitution. We find no merit in these contentions and accordingly affirm the decision of the Superior Court.

I.

Debra Stigars ("Stigars") reported to police that her house in Kent County, Delaware

* Sitting by designation pursuant to Supreme Court Rules 2 and 4(a) and Del. Const. art. IV, § 12.

had been broken into and several valuable items were missing in July, 1991. Moore and Franky Spivey ("Spivey") were subsequently arrested and charged with burglary in the second degree, felony theft, criminal mischief and conspiracy in the second degree. Although he did not deny involvement in this incident, Spivey later pled guilty to misdemeanor theft of a gold coin that had previously been stolen from Stigars' home. Spivey was to provide an audio taped statement implicating himself and Moore in exchange for the plea, but his testimony was lost, apparently due to the malfunction of a tape recorder. At trial, Spivey's testimony was unhelpful to the prosecution contrary to the prosecution's expectation. The State was able to link Moore to the burglary through other circumstantial evidence.

The jury convicted Moore of burglary in the second degree and conspiracy in the second degree, but found him not guilty of felony theft and criminal mischief. Moore was sentenced to four and a half years of Level V incarceration and a $500 fine. In addition, the trial court ordered Moore to make restitution to Stigars in an amount to be determined by the Presentence Office. The Presentence Office later determined this amount to be $4,224.

Before the Presentence Office determined the amount of restitution, Moore appealed his conviction to this Court. His conviction was affirmed. *Moore v. State,* Del.Supr., No. 177, 1992, Walsh, J., 1992 WL 354222 (Nov. 4, 1992) (ORDER). In January, 1995, Moore moved for Correction of Sentence under Superior Court Criminal Rule 35(a), arguing that restitution was improper since he had been found not guilty of theft. The Superior Court denied the motion and this appeal followed.

## II.

Moore argues that the sentencing judge exceeded his statutory authority when he ordered restitution for the items stolen from Stigars' house. The State counters that authority is sufficiently provided by 11 *Del.C.* §§ 4106 and 4204. Section 4106 requires restitution from "[a]ny person convicted of stealing ... property" for the benefit of the victim of the offense.[1] We hold that restitution was properly ordered in this case under the provisions of 11 *Del.C.* § 4106, "construed according to the fair import of [its] terms." 11 *Del.C.* § 203.

Even though Moore was acquitted of the theft charge, Stigars' losses may still be characterized "as a direct result of the crime" under 11 *Del.C.* § 4106(a) since Moore is liable for the acts of his co-conspirator, Spivey. 11 *Del.C.* §§ 271(2)(b), 512. The fact that Spivey was never actually charged with the theft of the objects for which Moore was ordered to make restitution is irrelevant. 11 *Del.C.* § 272(2).[2] The State presented evidence at Moore's trial that property was stolen during the course of the burglary, and it appears that the jury concluded that Moore's co-conspirator was responsible for the theft. A defendant may be ordered to make restitution on the basis of acts of a co-conspirator, just as a defendant may be given any other appropriate punishment based on the acts of a co-conspirator. *See, e.g., United States v. Brewer,* 10th Cir., 983 F.2d 181, 184–85 ("When a defendant is convicted of conspiracy, a ... restitution award may encompass all losses resulting from the conspiracy."), *cert. denied,* 508 U.S. 913, 113 S.Ct. 2348, 124 L.Ed.2d 257 (1993); *Commonwealth v. Mathis,* Pa.Supr., 464 A.2d 362, 368 (1983).

**1.** The text of 11 *Del.C.* § 4106(a) provides in part:

Any person convicted of stealing, taking, receiving, converting, defacing or destroying property, shall be liable to each victim of the offense for the value of the property or property rights lost to the victim and for the value of any property which has diminished in worth as a result of the actions of such convicted offender and shall be ordered by the court to make restitution.... The convicted offender shall also be liable for direct out-of-pocket losses, loss of earnings and other expenses and inconveniences incurred by victim as a direct result of the crime....

**2.** 11 *Del.C.* § 272 states that

In any prosecution for an offense in which the criminal liability of the accused is based upon the conduct of another person pursuant to § 271 of this title, it is no defense that ... (2) The other person has not been prosecuted for or convicted of any offense based on the conduct in question....

We do not decide whether, absent a conspiracy conviction, the acts which made Moore culpable for burglary are a sufficient predicate for liability for restitution. Other jurisdictions have decided this question in the affirmative. Restitution has been ordered for defendants acquitted of theft where the taking of property occurred in connection with a burglary. *See State v. Olson,* Minn. App., 381 N.W.2d 899 (1986) (upholding restitution as punishment for burglary after defendant was acquitted of theft charge); *State v. Dula,* N.C.App., 67 N.C.App. 748, 313 S.E.2d 899 (upholding restitution for stolen goods after acquittal of larceny for defendant convicted of breaking and entering and who acted alone), *aff'd,* N.C.Supr., 312 N.C. 80, 320 S.E.2d 405 (1984); *People v. House,* 98 Ill.App.3d 304, 53 Ill.Dec. 777, 424 N.E.2d 412 (1981) (upholding restitution after conviction of burglary, acquittal of theft charge and in absence of conspiracy conviction).

In conclusion, we decide that the sentencing judge properly ordered Moore to pay restitution for items stolen from Stigars. Because 11 *Del.C.* § 4106 provides sufficient authority for the decision of the trial court, it is unnecessary to address the question of whether 11 *Del.C.* § 4204(k) provides an additional basis for the imposition of restitution.

### III.

█ In briefing, Moore raises an issue regarding the determination of the amount of restitution. The Presentence Office determined the amount based on the replacement value of the stolen property. Moore complains that he was denied due process of law since no hearing was held to determine the accuracy of the amount of restitution. Since this issue was not raised below, Moore is barred from arguing it on appeal. Supr. Ct.R. 8.

Nonetheless, for the purposes of future cases, we note that Moore was not deprived of due process. In the trial court, Moore did not ask for a hearing on the amount of restitution, but objected only to the method of calculation of restitution. His counsel was provided with a copy of the Presentence Office's memorandum which calculated the amount of restitution and presented an objection to the method of calculating the loss. The sentencing judge considered this objection and rejected it. Moore was due no greater procedural protection. *See Pratt v. State,* Del.Supr., 486 A.2d 1154, 1161 (1984).

The decision of the Superior Court is hereby AFFIRMED.