■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CONSALVO, Appellant. [756 NYS2d 541] —Amended judgment (denominated an order), Supreme Court, Bronx County (Steven Barrett, J.), entered on or about November 6, 1997, which directed defendant to pay restitution in the amount of $500,000 in accordance with the original judgment of conviction (same court and Justice) rendered November 4, 1994, unanimously affirmed.

Following remittal by the Court of Appeals (89 NY2d 140 [1996]), Supreme Court conducted a restitution hearing in which defendant received "a reasonable opportunity to contest the People's evidence or supply evidence on his own behalf" (id. at 146). The People established by a preponderance of the evidence that the loss caused by defendant's Medicaid fraud was at least $500,000.

The court properly weighed conflicting expert testimony, and the methodology and data that supported the court's decision were highly reliable. We note that significant portions of the proof against defendant were supplied by his own admissions to investigators, as well as the testimony of his receptionist.

The court properly relied upon statistical evidence (see e.g. Matter of Mercy Hosp. v New York State Dept. of Social Servs., 79 NY2d 197 [1992]). Since the standard of proof at a restitution hearing is preponderance of the evidence, not beyond a reasonable doubt (89 NY2d at 145), there is no reason why

statistics should not be used in a restitution hearing just as they are used in civil proceedings. Moreover, even when the standard of proof is beyond a reasonable doubt, statistics have been permitted to establish the weight of drugs (*People v Hill*, 85 NY2d 256, 261 [1995]).

Furthermore, the court properly considered the fact that defendant produced only 347 of the 2,147 patient charts that he was required to keep pursuant to Medicaid regulations. As the Court of Appeals stated in *Matter of W.T. Grant Co. v Joseph* (2 NY2d 196, 206 [1957], *cert denied* 355 US 869 [1957]), "we will not insist on exactness in a case where the party's own failure to maintain records prevents it." We reject defendant's argument that the court improperly "punished" him for failing to produce records. On the contrary, the court drew appropriate inferences from the records' absence, within the context of other evidence.

We have considered and rejected defendant's remaining factual and legal arguments, and find that none of them undermine the conclusion that the People proved by a preponderance of the evidence that the loss caused by defendant's fraud was at least $500,000. Concur—Saxe, J.P., Sullivan, Ellerin, Lerner and Gonzalez, JJ.