846 So.2d 156 (2003)
Jennifer M. ALIX
v.
E-Z SERVE CORPORATION and American Home Assurance Company.
No. 03-CA-24.
Court of Appeal of Louisiana, Fifth Circuit.
April 29, 2003.
*157 Raymond S. Maher, Jr., New Orleans, LA, for Appellants.
Cary J. Deaton, New Orleans, LA, for Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., MARION F. EDWARDS and CLARENCE E. McMANUS.
MARION F. EDWARDS, Judge.
In a worker's compensation case, Appellants, E-Z Corporation and American Home Assurance Company, appeal from an award to plaintiff of medical expenses, disability benefits, penalties, and attorney's fees. For the following reasons, the judgment of the trial court is affirmed.

FACTS AND PROCEDURAL HISTORY
On August 23, 2001, Plaintiff/ Appellee, Jennifer Alix ("Alix"), was employed as a cashier by E-Z Corporation in an E-Z Serve at a Marrero location in Jefferson Parish. On that date, Alix was injured in the course and scope of her employment at E-Z Serve while transporting a cooler into a storage room. On October 10, 2001, Alix filed a disputed claim for compensation with the Office of Worker's Compensation Administration against E-Z Corporation, who was insured by American Home Assurance Company (Herein collectively referred to as "Appellants"). On September 5, 2002, trial on this matter was held. The *158 trial court ruled in favor of Alix, awarding the following: temporary total disability benefits from August 23, 2001 through January 7, 2002 as well as indemnity benefits, all medical expenses, and penalties for an arbitrary and capricious refusal to pay various expenses and a failure to complete the first report of the injury. The worker's compensation judge further awarded Alix attorney's fees.
Appellants timely filed this appeal.

LAW AND ANALYSIS
Appellants first assert that the trial court erred in allowing evidence of E-Z Corporation and American Home Assurance Company's failure to pay Alix's medical and transportation expenses when these items were not claimed as being in dispute in Alix's Pre-Trial Statement. Appellants argue that Alix should have been prohibited from introducing such evidence under Department of Labor, Office of Workers' Compensation hearing rule Chapter 21, Section 2158, which provides that only issues listed in the Pre-Trial statements of the parties shall be litigated at trial.
The record shows that Alix, in her Pre-Trial statement filed on May 22, 2002, stated that the contested issues of fact and law consisted of lost wages, residual disability, and medical treatment. At trial, Alix testified and submitted evidence that she had incurred expenses of $183.00 for an emergency room bill, $41.43 for a prescription bill, and an undetermined monetary amount for five 130 mile trips incurred in seeking treatment. In response to Appellants' objection at trial to the admission of the evidence, Alix responded that these items fell under the purview of "disability," as costs that occurred over time as a result of her injury.
Although a trial judge has great discretion in deciding whether to receive or refuse testimony objected to on the grounds of failure to abide by the pre-trial order, any doubt must be resolved in favor of receiving the information.[1] Moreover, the trial court is given express authority by La. C.C.P. art. 1551 to modify pre-trial orders to prevent "manifest injustice."[2] Absent an abuse of discretion, the decision of the trier of fact will be upheld.[3]
After a review of the record, we find no abuse of discretion in the trial court's determination that evidence of Alix's expenses incurred in her medical treatment were admissible, in spite of the fact that these expenses were not specifically listed in her Pre-Trial order.
Appellants next assert that the trial court erred in determining that the evidence presented a finding that Alix was temporarily and totally disabled from August 23, 2001 through January 7, 2003.
In claiming a total disability, whether temporary or permanent, the plaintiff must prove his inability to engage in any gainful occupation, whether or not the same or similar to that customarily engaged in at the time of injury.[4] The plaintiff may rely on medical and lay testimony.[5] Once the trial court has made factual findings as to disability and the *159 length thereof, those determinations are entitled to great weight and are not to be disturbed except upon a showing of manifest error.[6] In workers' compensation matters, the technical rules of evidence are relaxed, but findings must nonetheless be based on "competent evidence."[7] In Chaisson v. Cajun Bag & Supply Co.,[8] the court held that "`competent evidence' is such evidence as has some degree of reliability and trustworthiness and is of the type that reasonable persons would rely upon."[9]
In this case, Appellants stipulated that Alix was injured during the course and scope of employment with E-Z Serve Corporation. Alix testified her injury consisted of pain in her left shoulder and back pain, for which she initially unsuccessfully sought treatment at Charity Hospital and then sought treatment at the emergency room at West Jefferson Hospital. Alix further testified that, at the time of trial, her back still caused her pain. Alix also recounted the diagnoses provided to her by a treating orthopedic doctor, of possible soft tissue injury or disc injury. Both Alix and Appellants introduced portions of her medical records into evidence. A report from orthopedic doctor, Dr. R. Douglas Bostick, III, dated February 21, 2002, indicates an assessment of Alix's injury as "Chronic cervical and lumbar strain." Ultimately, a letter from Dr. Bostick dated May 1, 2002 said that Alix could return to light work duties but should not lift anything greater than 20 pounds. There was no evidence produced at trial to dispute the diagnosis of Alix's injuries, in terms of their severity or duration.
Based on the foregoing, we do not find that the trial court committed manifest error in determining that Alix had sustained temporary total disability from August 23, 2001 through January 7, 2002.
Appellants next contend that the trial court erred in finding that Alix was entitled to indemnity benefits for two and a half weeks of lost time from her subsequent employment because of her August 23, 2001 accident. Specifically, Appellants argue that there was not sufficient proof of any disability.
At trial, Alix's unrefuted testimony was that after she became employed with Sanderson Farms, her medical treatment required her to leave work early as well as take several weeks off. Alix estimated that the total time lost from Sanderson was approximately two and one half weeks.
Because of our previous holding that the trial court did not err in finding that Alix was disabled, we further find that the trial court did not err in awarding her indemnity benefits for lost time in her subsequent employment in the instances that she sought medical treatment for her injuries.
Appellants next argue that the trial court erred in awarding $2,000.00 in penalties to Alix for their failure to pay indemnity benefits, and $2,000.00 in penalties for their failure to pay medical expenses, medication expenses, authorize a physician of choice, and for non-payment of transportation expenses. Finally, Appellants contend that the trial court erred in awarding $4,000.00 in attorney's fees to Alex.
La.R.S. 23:1201(F) provides for a 12% penalty on compensation or medical *160 benefits that the employer fails to timely pay, or fifty dollars per calendar day, whichever is greater, unless the right to the benefits has been "reasonably controverted." An employer may avoid penalties if it relied on competent medical evidence in deciding not to pay for medical treatment.[10]
In regard to attorney's fees, La. R.S. 23:1201(F) also provides the basis for an award of attorney's fees and penalties. This provision, however, is inapplicable if the claim is reasonably controverted. The workers' compensation judge has great discretion in the award of attorney fees and penalties in a workers' compensation case, and the exercise of such discretion will not be disturbed on appeal unless clearly wrong.[11] At trial, Alix testified that after her initial injury, she attempted unsuccessfully to contact the store manager, Michael Okeke, and instead informed the assistant manager that she had been hurt. The assistant manger did not know where the accident forms were, however. The next day, Alix requested that Okeke allow her to fill out an accident form and visit a doctor for her back pain. In response, Okeke told Alix to pick up boxes and finish putting away new stock. Alix ultimately obtained an accident form from the Assistant Manager and filled it out. When Alix provided the accident form to Okeke, he reportedly told her that she didn't need to turn in an accident form since she didn't really injure herself. Alix went to the West Jefferson Hospital emergency room a few days later, and Okeke would not give authorization to the hospital to bill E-Z Serve for the hospital visit, so Alix had to have the hospital bill her directly in order to obtain treatment.
The trial court obtained further testimony from Alix regarding an incident when she presented a medical bill and report to Okeke. Alix testified that Okeke told her that the West Jefferson medical report referring her to an orthopedic doctor was "not good enough," and threw it into the garbage can.
Based on the evidence at trial, the court concluded that the defendants had been "arbitrary and capricious" in their refusal to pay expenses associated with Alix's treatment, and for their failure to complete the first report of injury. After a review of the record, we cannot say that the trial court's findings were clearly erroneous in this regard. Accordingly, we affirm the trial court's award of penalties and attorney's fees.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Curry v. Johnson, 590 So.2d 1213, 1216, (La.App. 1 Cir.1991).
[2] Neff v. Rose, 546 So.2d 480, 483 (La.App. 4 Cir.1989); writ denied, 551 So.2d 1322, (La. 1989).
[3] Kennedy v. Johnny F. Smith Trucking, 94-0618 (La.App. 1 Cir. 3/3/95), 652 So.2d 526, 529.
[4] LSA-R.S. 23:1221(1).
[5] Simpson v. S.S. Kresge Co., 389 So.2d 65 (La.1980).
[6] Tassin v. Cigna Ins. Co., 583 So.2d 1222, 1225 (La.App. 3rd Cir.1991).
[7] La. R.S. 23:1317.
[8] 97-1225 (La.3/4/98), 708 So.2d 375; reh'g denied April 3, 1998.
[9] Id. at 382.
[10] Williams v. Hospital Service, Inc., 95-214 (La.App. 5 Cir. 9/20/95), 663 So.2d 749, 754, writ denied, 96-0160 La. 3/15/96, 669 So.2d 422, 96-0190 (La.3/15/96), 669 So.2d 418.
[11] Rareshide v. Mobil Oil Corp., 97-1376, p. 14 (La.App. 4 Cir. 4/22/98), 719 So.2d 494, 506; writ denied, XXXX-XXXX (La.10/9/98), 726 So.2d 28.