COMMONWEALTH *vs.* PALMER P., a juvenile.

No. 03-P-495.

Suffolk. January 20, 2004. - May 25, 2004.

Present: ARMSTRONG, C.J., GREENBERG, & MILLS, JJ.

*Delinquent Child. Juvenile Court,* Delinquent child. *Breaking and Entering. Restitution. Practice, Criminal,* Juvenile delinquency proceeding, Probation, Restitution. *Identification. Evidence,* Identification.

Where a juvenile was found delinquent on a charge of breaking and entering during the daytime with intent to commit a felony, the judge did not abuse his discretion in ordering the juvenile to pay restitution, even though the juvenile had been acquitted of a larceny charge, where the restitution was significantly causally related to the breaking and entering. [231-233]

At the trial of a juvenile on a charge of breaking and entering during the daytime with intent to commit a felony, a witness's identification testimony was proper, as the circumstances surrounding the witness's confrontation with the juvenile were within constitutional limits. [233]

COMPLAINT received and sworn to in the Boston Division of the Juvenile Court Department on March 28, 2002.

The case was tried before *Paul D. Lewis,* J.

*James P. McDonald* for the juvenile.

*Joseph M. Ditkoff,* Assistant District Attorney, for the Commonwealth.

MILLS, J. A jury found the juvenile guilty of breaking and entering during the daytime with intent to commit a felony, G. L. c. 266, § 18, and not guilty of larceny of property in excess of $250, G. L. c. 266, § 30. He was found delinquent, sentenced to one year of probation, and ordered to pay $1,000 in restitution. He claims that the order of restitution is inappropriate as matter of law, because the jury found him not guilty of the larceny charge. He also complains that identification evidence was improperly admitted. We affirm.

1. *Background.* Gene Agosco was a resident of an apartment

on Humphrey Street in the Dorchester section of Boston. Kathy Nollie was his neighbor across the street. On December 11, 2001, at approximately 3:55 P.M., Nollie observed some children breaking into Agosco's home. She described them as "a group of kids climbing in and out of a window." At one point she saw two children and then, at another point, "a whole bunch of them." She called the police to report "some kids breaking into the home." She recognized two of the children, including the juvenile, whom she identified by his first name.

Agosco was not present in his home at the time of the break-in. He returned there briefly at 4:00 P.M. and saw that the television, cable box, and videocassette recorder were unplugged, but he did not investigate further because he was scheduled for an interview. Upon returning home from his interview at about 6:00 P.M., he encountered police officers at his home and was informed of the break-in. He then discovered that a video game console, six video games, and various jewelry items had been taken from his home. The total value of all of the items was in excess of $1,000.

2. *Discussion.* The juvenile contends that the $1,000 restitution order as a condition of his probation is error, as matter of law, because he was not convicted of the larceny charge.[1] He argues that G. L. c. 276, § 92, governs orders of restitution as conditions of probation, and requires, in pertinent part, that any restitution be predicated on the notion that it is to be a "reparation to the person injured by him in the commission of his offence." The Supreme Judicial Court has recently commented that "[l]ike any other criminal sanction, restitution best serves penal objectives when it bears a proper relationship to the crime of conviction, both in kind and proportion." *Commonwealth* v. *McIntyre*, 436 Mass. 829, 833 (2002). The *McIntyre* court also stated that "[t]here must be a connection between the injury and the crime of conviction for restitution to serve as a functional sanction, rationally related in cognizable terms to the crime." *Id.* at 834. In *McIntyre*, the restitution order pertained to damage to a victim's automobile for which the defendant was not charged. *Id.* at 831. The court adopted a broad test, see

---

[1] He makes no other claim of insufficient process (e.g., opportunity to be heard) with respect to the order.

*id.* at 835 n.3, holding the restitution order proper where the judge limited restitution to the documented property damage bearing a significant causal relationship to the crime charged, and where the defendant was afforded reasonable and fair process. *Id.* at 835-836. The court stated that it would "look to the underlying facts of the charged offense, not the name of the crime" to which the defendant pleaded guilty or of which he was convicted. *Id.* at 835, quoting from *State* v. *Landrum*, 66 Wash. App. 791, 799 (1992).

In this case the juvenile was charged with and acquitted of the larceny offense, and on this basis he attempts to distinguish *McIntyre*. We are not persuaded. We see the juvenile's case as directly analogous to *McIntyre* in the sense that the juvenile here was not charged with joint venture, just as the defendant in *McIntyre* was not charged with a crime based on damage to property. *McIntyre*, 436 Mass. at 829, 831. We conclude that *McIntyre* supports the ruling that, as matter of law, a defendant may be ordered to pay restitution, even where he was acquitted of larceny, so long as the restitution is significantly causally related to the crime of conviction.[2] See *id.* at 835-836.

In this case, Nollie observed the juvenile and the others climbing into Agosco's window at approximately 3:55 P.M. Nollie telephoned the police while she was still looking out her window. In that call she mentioned the juvenile as well as the "group of kids breaking into the home." Upon this testimony, despite the fact that the juvenile was not charged with larceny as a joint venturer, the judge could properly conclude that the juvenile and "the other kids" were part of a collaborative

---

[2]We note that other States, in interpreting restitution statutes, have similarly held. See, e.g., *Moore* v. *State*, 673 A.2d 171, 172 (Del. Super. Ct. 1996) (acquitted of theft, but loss considered "a direct result of" burglary and conspiracy); *People* v. *House*, 98 Ill. App. 3d 304, 308 (1981) (acquitted of theft, but loss considered "a natural consequence of and flow[ing] from" burglary); *State* v. *Olson*, 381 N.W.2d 899, 900 (Minn. Ct. App. 1986) (acquitted of theft, but loss deemed to have been "caused by" defendant's burglary); *State* v. *Dula*, 67 N.C. App. 748, 751, aff'd, 312 N.C. 80 (1984) (acquitted of larceny, but loss was "caused by and arose out of" breaking and entering). But see *People* v. *Winquest*, 115 Mich. App. 215, 222 (1982) (holding that "defendant may not be required to make restitution for damages arising out of a crime for which he was tried and acquitted," where losses were to victim different from one he was convicted of attacking).

endeavor. On the basis of the testimony, the judge could also conclude that the personalty was taken from the home during the course of this endeavor. In these circumstances, the judge's restitution order was well within his discretion.

The standard of proof for restitution is preponderance of the evidence, *id.* at 834, a lower standard than proof beyond a reasonable doubt. Upon the Commonwealth's burden of proving the amount of loss by a preponderance of the evidence, $1,000 is consistent with Agosco's testimony, which the judge was entitled to credit. The judge could make a reasonable and logical conclusion that the breaking and entering by the defendant into the Agosco home bore a causal relationship to the taking of the personal property. Even if the juvenile did not personally take any of the stolen items, breaking and entering into someone's home certainly facilitates the taking of the victim's property by allowing others to enter the premises. The order of restitution bears a proper relationship to the crime of conviction, both in kind and proportion.

The juvenile also argues that Nollie's eyewitness identification testimony was improper. He claims that a confrontation between Nollie and the juvenile (a showup identification) in front of the juvenile's home was so unduly suggestive that her identification testimony resulted in substantial risk of a miscarriage of justice. The claim is without merit, as the circumstances of the identification procedure are within the constitutional limits that repeatedly have been approved. See *Commonwealth* v. *Walker*, 421 Mass. 90, 95 (1995); *Commonwealth* v. *Coy*, 10 Mass. App. Ct. 367, 371 (1980).

For the foregoing reasons, the judgment on the breaking and entering charge is affirmed, as is the order for restitution.

*So ordered.*