**STATE of Delaware, Plaintiff,**

v.

**Jack BROOKE, Defendant.**

**I.D. No. 0901022199.**

Family Court of Delaware, Sussex County.

Submitted: Aug. 27, 2009.

Decided: Oct. 9, 2009.

Carole Davis, Esquire, Delaware Department of Justice, Georgetown, DE, Attorney for the State of Delaware.

Jack Brooke, pro se.

## OPINION

HENRIKSEN, J.

This is the Court's decision concerning restitution owed by the juvenile defendant in the above referenced matter. The State is seeking $57.90 restitution on behalf of Ronald Jenkins for out of pocket expenses related to damage of his motor vehicle.[1] The State is also seeking $256.00 on behalf of Ronald Jenkins' wife, Debbie Jenkins, for wages she lost for having to attend and testify at trial.

Although the defendant has not objected to how the amounts of restitution were calculated or whether it would be unreasonable to require the defendant to pay those amounts, the defendant has sought much broader and more extensive relief in his motion to "Dismiss all charges/Vacate the Conviction" ("Motion to Dismiss") and his motion for the "Denial of Restitution,"

both filed on August 27, 2009. Indeed, Defendant, by these motions, seeks to have his adjudications vacated, or, as an alternative, to be relieved of any obligation to pay restitution.

### Facts and History

Defendant threw a wooden board through the back window of a Toyota Corolla, thereby shattering the window of the vehicle driven by the teenage son of Ronald and Debbie Jenkins, Mark Jenkins. The Defendant's reckless act fortunately did not cause any serious injury to a young lady seated in the back seat of the vehicle, but it did result in the defendant's adjudication of Reckless Endangering and Criminal Mischief. During the June 26, 2009 trial, Debbie Jenkins testified that she owned the car that was damaged. Following the Defendant's adjudication on this charge, the Court sentenced the Defendant. The sentence required the Defendant to pay restitution in an amount to be subsequently determined.

On July 29, 2009, the State filed a "Motion to Amend the Sentence" and attached necessary documentation for determining the correct amount of restitution to be ordered. The documentation demonstrated that the vehicle that was damaged during the crime was titled in the sole name of Ronald Jenkins. However, as already noted, Ronald Jenkins' wife, Debbie Jenkins, testified that she owned the damaged vehicle. Ronald Jenkins did not testify at trial.

### Law and Application

Defendant's two motions focus on this technical difference between the actual title ownership in the name of one individual, as opposed to the broader rights of

---

1. The pseudonyms have been substituted for the names of the parties pursuant to Supreme Court Rule 7(d).

ownership, such as in this case, where an automobile used by several members in a family happens to be titled just in the name of the husband. Not until after the trial, at this later stage of the determination of restitution, has this actual title ownership become clear. The State has answered that, despite the technical form of title ownership, Debbie Jenkins holds ownership rights in the vehicle along with her husband pursuant to Delaware's marital property laws.

The motions set forth by the Defendant present two distinct issues. First, does the language "property of another person" in the statute pertaining to Criminal Mischief require the State to prove at the criminal trial exactly to whom the damaged property belongs? For the reasons that follow, the Court determines that the State need not prove who owns the damaged property in order to prove the criminal element of "property of another" required by the statute for Criminal Mischief.

Second, Defendant argues that Debbie Jenkins is not the true victim of the crime of Criminal Mischief. Defendant states that only Ronald Jenkins' name appears as the title owner as well as the owner of the insurance policy for the vehicle on the collision center's invoice. Although Robert Jenkins is Debbie Jenkins' husband, Defendant argues that because the State relied on testimony that Debbie Jenkins was the owner of the car, "Debbie Jenkins and others cannot pursue charges for a car they do not own."[2] Defendant's motion for the "Denial of Restitution" claims that Debbie Jenkins should not be able to receive restitution because she is not the owner of the car. Furthermore, Defendant avers that restitution for Ronald Jenkins should not be granted because the fact of his ownership of the vehicle was never proven at trial. The Court rejects both of these arguments.

### The State's Burden on the Criminal Element

■ The crime of Criminal Mischief is defined in title 11 of the Delaware Code, section 811, as follows:

§ 811. **Criminal mischief; classification of crime; defense**

(a) A person is guilty of criminal mischief when the person intentionally or recklessly:

(1) Damages tangible *property of another person;* or

(2) Tampers with tangible *property of another person* so as to endanger person or property; or

(3) Tampers or makes connection with tangible property of a gas, electric, steam or waterworks corporation, telegraph or telephone corporation or other public utility, except that in any prosecution under this subsection it is an affirmative defense that the accused engaged in the conduct charged to constitute an offense for a lawful purpose.[3]

The Delaware Code defines the term "property of another person" in title 11, section 857, which states:

§ 857. **Theft and related offenses; definitions**

For purposes of §§ 841–856, 1450 and 1451 of this title:

(7) "Property of another person" includes property in which any person other than the defendant has an interest which the defendant is not privileged to infringe, regardless of the fact that the

---

2. Defendant's "Motion to dismiss all charges/Vacate Conviction" of August 27, 2009.

3. DEL. CODE ANN. tit. 11, § 811 (2009) (emphasis added).

defendant also has an interest in the property and regardless of the fact that the other person might be precluded from civil recovery because the property was used in an unlawful transaction or was subject to forfeiture as contraband. Property in possession of the actor shall not be deemed property of another who has only a security interest therein, even if legal title is in the creditor pursuant to a conditional sales contract or other security agreement.

All of the statutes cited above from §§ 841–856, 1450 and 1451 involve thefts of various types of property, including identity, firearms, and services, as well as the receipt of those various items. When addressing the significance of the "property of another" element of the criminal statute for felony theft,[4] the Delaware Supreme Court stated "it is clear that 'ownership' is not an element of the offense; 'property of another person' simply describes the subject of theft as property to which defendant has no right to possess."[5]

Again when considering the meaning of the "property of another" element as it applies to the offense of Receiving Stolen Property[6] in *Guyer v. State*,[7] the Dela-

ware Supreme Court held that since proving the elements of theft did not require proving ownership, that the Receiving Stolen Property statute likewise would not require it.[8] "Other authorities agree that in cases of theft and larceny proof of ownership of the stolen property in the specific person alleged is not essential. The State is required to prove only that it belonged to someone other than the accused."[9]

Although the definition section of Title 11, § 857 does not state specifically that it applies to the interpretation of the element of "property of another" in the statute for Criminal Mischief, the Court can see no reason why the Court should not apply the same logic to the phrase as already applied to it by the Supreme Court for these other statutes. All of these crimes, whether involving the theft of property or the damage to property, pertain to the unlawful action of a defendant over property to which the defendant has no claim of right or entitlement or as § 857 states, ". . . the defendant is not privileged to infringe."

■ The Court therefore holds for the crime of Criminal Mischief, where a key element of the crime requires proof that the defendant caused damage to the "prop-

---

**4. 841. Theft; class G felony; class A misdemeanor; restitution**

(a) A person is guilty of theft when the person takes, exercises control over or obtains *property of another person* intending to deprive that person of it or appropriate it. Theft includes the acts described in this section, as well as those described in §§ 841A—846 of this title.

Del Code Ann. tit. 11, § 841 (2009) (emphasis added).

**5.** *Reader v. State*, 349 A.2d 745, 747 (Del. 1975).

**6. § 851. Receiving stolen property; class G felony; class A misdemeanor**

A person is guilty of receiving stolen property if the person intentionally receives, retains or disposes of *property of another person* with

intent to deprive the owner of it or to appropriate it, knowing that it has been acquired under circumstances amounting to theft, or believing that it has been so acquired.

Receiving stolen property is a class A misdemeanor unless the value of the property received, retained or disposed of is $1,500 or more, or unless the receiver has twice before been convicted of receiving stolen property, in which case it is a class G felony.

Del. Code Ann. tit. 11, § 851 (2009) (emphasis added).

**7.** *Guyer v. State*, 453 A.2d 462, 463 (Del. 1982).

**8.** *Guyer*, 453 A.2d at 463.

**9.** *State v. Lee*, 128 Wash.2d 151, 904 P.2d 1143, 1147 (1995).

erty of another," it is not necessary for the State to prove at trial the specific identity of the owner, but only that the defendant has no claim of ownership or entitlement to the property.

## Restitution

■ In *Moore v. State*, the appellant argued that the manner in which the restitution had been calculated was incorrect and that his due process rights had been violated for the Court's failure to hold a hearing regarding restitution.[10] The State provided a copy of its calculations to appellant's counsel; appellant's counsel made objections to the calculations, but never requested a hearing on the matter.[11] The trial court rejected the appellant's arguments against the method of calculation.[12] The Delaware Supreme Court determined there was no violation of appellant's due process rights and that the lower Court need not provide any greater procedural protection.[13]

In *Benton v. State*, the Delaware Supreme Court held that the maximum amount of restitution the defendant could be ordered to pay was not limited to evidence presented during the criminal trial.[14] At trial, Benton was found guilty of embezzling at least $2,300.00. The trial court subsequently issued an order of restitution in the amount of $21,400.65. As Justice Holland noted, the defendant, Benton, disregarded "the legal distinction between evidence that is either relevant or necessary to establish the elements of an offense at a criminal trial and evidence

that is admissible at a hearing to determine the appropriate amount of restitution."[15] Justice Holland went on to say, "There is no constitutional or statutory mandate that the complete economic consequences of a defendant's illegal conduct be established at the criminal trial."[16]

In the present case, Defendant urges the Court to deny restitution to the victims of his criminal act. In his motion, he concludes "Ronald Jenkins was not a party to this case or listed as a victim. As such, Defendant avers Debbie Jenkins and others cannot claim any damages or restitution for a car that belongs to someone else."[17]

The Court has already decided the State did not need to provide evidence of who the owner of the damaged automobile was in order to successfully prosecute the crime of Criminal Mischief. Given that Debbie Jenkins is married to Ronald Jenkins, the Court is not surprised that Debbie Jenkins testified that she owned the car, although we later find out the car was exclusively titled in her husband's name. While Debbie Jenkins is not the title owner of the car, this makes her no less a victim of this crime. Common sense dictates that Debbie Jenkins legally exercises privileges to use her husband's car. On the other hand, it was more than clear at the criminal trial that the defendant was not the owner of the vehicle, and the vehicle was the "property of another."

The authority of the Family Court to order juveniles to make restitution to the victims of property crimes is governed by

**10.** *Moore v. State,* 673 A.2d 171, 173 (Del. 1996).

**11.** *Id.*

**12.** *Id.*

**13.** *Id.*

**14.** *Benton v. State,* 711 A.2d 792 (Del.1998).

**15.** *Id.* at 796.

**16.** *Id.*

**17.** Defendant's motion for "Denial of Restitution," August 27, 2009, page 1.

title 10 section 1009(c)(5) of the Delaware Code, which, after an adjudication of delinquency, permits the Court to:

(5) Order a child to make monetary restitution in whole or in part as the Court determines for out-of-pocket costs, losses or damages caused by the delinquent act of the child where the amount thereof can be ascertained.

The Family Court Rules of Criminal Procedure provide guidance for the Court on the application of the foregoing statute. Specifically, Rule 32(g) provides the following six elements for consideration:

(g) **Restitution.** The Court, to provide a uniform and equitable approach in considering an order for restitution as part of any sentence, shall adhere to the following guidelines:

(1) restitution is discretionary and its imposition shall be governed by statute;

(2) restitution should be ordered when the victim has suffered an actual monetary loss through damage, destruction, or theft of property, or personal injury;

(3) restitution should cover the victim's own out-of-pocket expenses and losses as a first priority with losses covered by insurance given the lowest priority;

(4) the Victim Loss Statement shall request the victim to complete the statement setting forth market value, as opposed to replacement value or cost, with respect to damage, destroyed, or lost property, and to include a receipt, receipted invoice, canceled check, appraisal, or other verification of the loss claimed;

(5) the Court must consider the ability of the person from whom restitution is sought to pay such restitution in determining whether to order restitution and, if so ordering, in determining the amount of restitution and the schedule of payments; and

(6) where there is a disagreement as to the amount of the loss sustained, the State shall have the burden of proving the amount of loss by a preponderance of the evidence.

In the present case, there is credible evidence in the information provided by the State in seeking restitution that Ronald Jenkins is the title owner of the damaged car.[18] There is also credible evidence in the documentation that restitution is due to Ronald Jenkins for his out-of-pocket damages to the car in the amount of $57.90. Defendant did not argue that Ronald Jenkins is not the owner of the car. Defendant did not object to the amount of the loss. Likewise, there is credible documentation to establish Debbie Jenkins' claim of lost wages for appearing and testifying at trial in the amount of $256.00.[19] Defendant did not contest the validity of her employment or the amount. Defendant did not request a hearing on these issues of how the amounts were determined, the validity of the claims, or the reasonableness of requiring the youthful defendant to pay the amounts requested.

Accordingly,

(1) Defendant's motion to "Dismiss all charges/Vacate Conviction" is hereby DENIED.

(2) Defendant's motion for the "Denial of Restitution" is also DENIED.

(3) The Order of July 31, 2009 granting restitution in the amount of $57.90 to

---

**18.** See State's "Motion to Amend the Sentence," July 29, 2009 with attached invoice from Auto Works Collision Center LLC.

**19.** See State's "Motion to Amend the Sentence," July 29, 2009 with attached letter from Debbie Jenkins' employer.

Ronald Jenkins and $256.00 to Debbie Jenkins shall stand.

**IT IS SO ORDERED.**